| DISTRICT COURT, BOULDER COUNTY<br>STATE OF COLORADO<br><br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: June 20, 2019 11:00 AM<br>FILING ID: 3729CA6DBB22D<br>CASE NUMBER: 2019CV30609 |
|---|---|
| **Plaintiff**: WALTER CHARNOFF<br><br>v.<br><br>**Defendant(s)**: NANCY LOVING AND ARTSUITE NY | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*<br><br>Ian T. Hicks, Reg. No. 39332<br>The Law Office of Ian T. Hicks LLC<br>6000 East Evans Avenue, Building 1, Suite 360<br>Denver, Colorado, 80222<br>Telephone: (720) 216-1511<br>Facsimile: (303) 648-4169<br>E-mail: ian@ithlaw.com | Case Number:<br><br>Division: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** ||

Plaintiff, Walter Charnoff, ("Plaintiff") by and through his undersigned counsel of record, The Law Office of Ian T. Hicks, LLC, hereby respectfully files his Complaint and Jury Demand and in support thereof, states as follows:

## I. PARTIES, JURISDICTION, AND VENUE

**1.** Walter Charnoff ("Plaintiff") is a natural person and resident of Boulder County, Colorado, who resides at 6950 Rabbit Mountain Road, Longmont, Colorado, 80503. Plaintiff

**2.** Nancy Loving ("Nancy") is a natural person and resident of Piermont, New York. Nancy is the owner and operator of an art gallery, Artsuite NY, which does not appear to be a registered entity in New York where it is located, in the city of Piermont.

3. Artsuite NY ("Artsuite") is an art gallery located in Piermont, New York. Artsuite does not appear to be a registered entity in the state of New York. Artsuite is the gallery managed by Nancy, which sold the art, yet retained possession of that art as well as the sales proceeds.

4. Jurisdiction is proper under C.R.S. § 13-1-124(1)(a) and (b), because Defendants transacted business in this state and committed tortious acts within this state.

5. Venue is proper under C.R.C.P. 98(c)(5) because the torts that are alleged herein occurred in Boulder County, Colorado.

### III. GENERAL ALLEGATIONS

6. In the year 2016, the Defendants repeatedly solicited Plaintiff to purchase artworks that were produced by Harold Garde, an American abstract expressionist painter and the originator of the Strappo technique, which combines painting and printmaking.

7. In response to these solicitations, Plaintiff, agreed to purchase four Garde paintings for the price of $45,000.00. Defendants agreed to properly store, insure, and ship the four pieces at their cost to Plaintiff in Colorado, where he resided and continues to reside.

8. In mid-2017, Nancy came to Colorado and approached Plaintiff, in person, and solicited Plaintiff to make an additional bulk purchase of more Garde paintings. Nancy represented that she and her gallery, ArtSuite, were in negotiations with the Garde family and needed a big purchase to retain the Garde family and keep the gallery in business.

9. Plaintiff later became aware that rather than being stored professionally, three of the four paintings that he had purchased were hanging up in Nancy's home, and one had sustained damage, apparently from a pool cue do the proximity of a nearby pool table.

**10.** After further and repeated solicitations made by Defendants to the Plaintiff, while he was physically located in Colorado with Defendants' knowledge, Plaintiff ultimately made a large additional purchase of art for approximately $141,000, bringing the total of his two artwork purchases from Defendants to approximately $186,000.00.

**11.** A credit of $21000 towards Plaintiff's second art purchase was agreed upon by Plaintiff in exchange for the painting that was damaged while hanging in Nancy's home. Defendants received and accepted $141,000 and the damaged painting as payment in full for the second purchase.

**12.** Defendants repeatedly promised in writings sent from New York to Colorado, as part of an ongoing commercial relationship involving the offer, negotiation, and selection of several dozen pieces of art, to professionally store, insure, and promptly ship the complete collection that had been purchased to the Plaintiff in Colorado.

**13.** For over a year, Defendants have communicated with Plaintiff and have made many promises to ship the art, only to randomly and seemingly without rhyme or reason, change these agreed-upon terms with an ever-shifting array of excuses, misrepresentations of prior communications, and baseless demands for additional payments of varying amounts.

**14.** Moreover, Defendants have attempted to bait and switch several pieces of art, and have admitted that additional art that was previously purchased was damaged or lost while in Defendants care or is now unavailable.

**15.** Plaintiff has tried, to communicate amicably with Defendants to obtain his large purchase of artwork that has been repeatedly promised to be delivered, for over a year, artwork that Defendants repeatedly stated in writing had been paid for, in-full, and after

Defendants repeatedly stated in writing that Plaintiff had performed his end of their agreed-upon bargain.

**16.** Despite these admissions and clear facts, for over a year, Defendants have failed and refused to either refund Plaintiff's money or send the artwork as promised many times, forcing Plaintiff to commence litigation.

### III. CLAIMS FOR RELIEF

#### First Claim – Breach of Contract

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. Plaintiff and Defendants had an agreed-upon exchange of promises involving Plaintiff's payments of money for specified pieces of artwork, to be stored, insured, and delivered professionally.

28. Plaintiff performed his end of the contract by paying in full when requested.

29. Defendants breached the contract by failing and refusing to deliver the artwork, failing to store it professionally, and failing to properly insure the artwork.

30. Defendants' breach caused Plaintiffs to suffer injuries, damages, and losses in an amount to be proven at trial.

#### Second Claim – Unjust Enrichment

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendants, at Plaintiffs' expense, obtained an item or items of value in the form of approximately $186,000.00, and retain an item or items of value that do not belong to them, in the form of dozens of pieces of art they agreed to ship to Plaintiff.

33. Defendants' continued retention of the payment funds and the paid-for art would be unjust under the circumstances, and in equity and good conscience Defendants should be required to pay for the value of those items.

34. Defendants have thus been unjustly enriched in an amount to be proven at trial.

35. Defendants breached this duty of care by the acts and omissions alleged herein.

36. Defendants' breach of the duty of care proximately caused Plaintiff to suffer injuries, damages, and losses in an amount to be proven at trial.

**Third Claim – Civil Theft Against All Defendants Pursuant to C.R.S. §§ 18-4-401 and 405**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Defendants knowingly obtained, retained, or exercised control over things of value of Plaintiff without authorization.

47. Defendants did so with the intent to deprive the Plaintiff permanently of the use or benefit of the thing of value.

48. Defendants also used, concealed, or abandoned the thing of value in such manner as to deprive the Plaintiff person permanently of its use or benefit.

49. Defendants' actions constitute civil theft, which caused Plaintiff to suffer injuries, damages, and losses, in an amount to be proven at trial.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered on each claim for relief asserted herein in its favor and against the Defendants, and that the Court award the following relief:

1. Pre and Post-Judgment Interest;

2. Economic and Non-Economic Damages;

3. Equitable relief, including but not limited to providing all goods and documentation called for by the Contract to the Plaintiff;

4. Attorneys' Fees; and

5. Treble damages for Civil Theft.

## VI. JURY DEMAND

**PLAINTIFF REQUESTS TRIAL TO A JURY OF NO LESS THAN SIX PERSONS**

Dated June 20th, 2019

Respectfully submitted,

THE LAW OFFICE OF IAN T. HICKS LLC

By_____*s/ Ian T. Hicks*_____
Ian T. Hicks
*Original Signature on File at The Law Office of Ian T. Hicks, LLC*

Plaintiff's Address:

6950 Rabbit Mountain Road, Longmont, Colorado, 80503