## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-2381-MEH

WALTER CHARNOFF

        Plaintiff,

    v.

NANCY LOVING,
ARTPORT LLC,
ARTSUITE NY, and
STUDIO 41, LLC

        Defendants.

## RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR PRESERVATION ORDER

Defendants submit the following Response to Plaintiff's Emergency Motion for Preservation Order (Motion):

Plaintiff's Motion is unnecessary, burdensome, and fails to meet the three prongs necessary for the entry of a preservation order because (1) there is not a significant risk that relevant evidence will be lost or destroyed —if it is in Plaintiff's possession, (2) the expense of third party storage is overbroad, not efficient, and not necessary — if it is in Plaintiff's possession, and (3) the evidence can be preserved and thereby avoid the risk of it being in the hands of a third party —if it is in Plaintiff's possession.[1] What is clear

---

[1] As previously communicated to Plaintiff, Defendants already videotaped, photographed, insured, and attempted a "white glove" delivery by a professional art shipper to Plaintiff to ensure the state of the art could never be in dispute but Plaintiff rejected delivery.

from Plaintiff's Motion is that, as Defendants have always suspected, Plaintiff wants his money back and to renege on his agreement to purchase the art or, as he puts it, preserve his ability to elect the remedy of rescission.  That said, however, Defendants ***do not oppose*** the relief requested in Plaintiff's Motion on the condition that Plaintiff bears the total cost of the storage and insurance regardless of the outcome of this litigation.

Defendants decline Plaintiff's invitation to further multiply the cost of defending this litigation, which is not yet at issue (despite 5 motions pending before this Court), by litigating the merits of the parties' dispute in this Response.  Therefore, Defendants will not respond to the arguments raised in Plaintiff's pre-discovery Motion other than to say that there are disputed issues of fact as to (1) whether Defendants refused to ship the art or Plaintiff actually refused (as now) to accept shipment of the art, (2) whether Defendants really refused to authenticate the art versus offering certificates of authentication, (3) whether Defendants already provided information regarding proper storage and insurance for the art, (4) whether Plaintiff's art purchase changed in any manner from what was shipped, and (5) whether any art was damaged.  Defendants deny each of Plaintiff's accusations and have previously provided him evidence to the contrary both prior to and during this litigation, and as will be seen upon actually opening the refused shipment.

Plaintiff's position that he will not be able to elect the remedy of rescission carries no weight.  And, Plaintiff does not explain how accepting delivery of the art, reviewing whether the art is in fact what he agreed to purchase and whether or not it is damaged,

will not further the purposes of this litigation. In fact, it has been Plaintiff's position all along that the art should be delivered to him, Amended Complaint [DOC 5] at ¶46, and he demanded the art be delivered to him including after this case was filed.  However, now when Defendants simply delivered the art to him, it was refused.  If Plaintiff has his way, he will not (and cannot) verify whether he received the benefit of his bargain.  Thus, his argument that he did not get what he contracted for is, at this point, imaginary.  Finally, Plaintiff strangely raises an as-is clause contained in an agreement that was never signed by him as a material alteration to the parties' contract but that unsigned agreement cannot form the basis for refusing to open the art that Defendants attempted to deliver to him.

For the foregoing reasons, Defendants believe a Preservation Order is unnecessary, inefficient, and burdensome and that Plaintiff has not met the legal standard for obtaining such an Order because Plaintiff can simply accept the art that he sued Defendants to obtain.  However, Defendants ***do not oppose*** Plaintiffs' Motion to the extent he bears all costs of storage and insurance regardless of the outcome of this litigation.

Respectfully submitted this 9th day of October, 2019.

                                          Shoemaker Ghiselli + Schwartz LLC

                                          */s/  Liza Getches*
                                          Elizabeth H. Getches
                                          SHOEMAKER GHISELLI + SCHWARTZ LLC
                                          1811 Pearl Street
                                          Boulder, CO  80302
                                          Telephone:  (303) 530-3452
                                          FAX:  (303) 530-4071
                                          Email:  lgetches@sgslitigation.com

3

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 9th day of October, 2019, a true and accurate copy of the foregoing **RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR PRESERVATION ORDER** was filed and served via via the Court's CM-ECF system on the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

                 *s/ Sarah Lee*