IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,

v.

NANCY LOVING d/b/a ArtSuite NY,
ARTPORT, LLC, and
STUDIO 41, LLC,

    Defendants.

_____

# ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff has filed a Motion for Sanctions (ECF 22), pursuant to 28 U.S.C. § 1927, seeking sanctions against defense counsel for court filings in connection with the issue of personal and subject matter jurisdiction in this case. For the following reasons, the Motion is **denied**.

    First, in support of an allegation (related to diversity jurisdiction) that Artport, LLC is domiciled in New York, Defendant Loving's Affidavit attaches only a portion of a tax return document. That document allegedly supported Loving's assertion that she was the sole member of Artport, LLC when, in fact, there were two other members as well. Defendants have admitted the "sole member" allegation was a mistake of fact, which has been corrected, and that whether there are one or three members of Artport, LLC, diversity still exists. Further, Defendants point out that the tax document about which the Plaintiff complains, in particular the exhibit attached to Loving's Affidavit, actually shows that there were three members of the LLC, it simply does not show who those other two members are.

Second, Plaintiff contends that this inaccurate factual assertion has also been used by Defendants to support their argument that Defendants lack sufficient contact with Colorado to support personal jurisdiction. Defendants do not directly address this allegation but argue that the real purpose of the Motion for Sanctions is to provide additional argument in opposition to Defendants' Motion to Dismiss on personal jurisdiction grounds. Defendants state that the briefs on that issue are adequate for the Court to render a decision.

Finally, in his Reply, Plaintiff criticizes other factual averments by Defendants that are inaccurate.

A district court's imposition of sanctions is subject to review under an abuse of discretion standard. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006). In this instance, in light of defense counsel's explanation of the circumstances surrounding the representations that were made concerning Artport, LLC, I do not believe sanctions are appropriate here. The overarching factual averment by the Defendants, at all times, was that this case involves complete diversity of citizenship. Plaintiff agrees with this averment. At least with regard to the issue of subject matter jurisdiction, there have been no material misrepresentations. Further, regarding personal jurisdiction, Defendants have corrected any potential misimpressions that may have been created by Loving's affidavit insofar as it concerns Artport, LLC. Finally, Plaintiff will be provided an opportunity to contradict the other allegedly inaccurate factual averments by the defense during the course of this lawsuit.

For these reasons, Plaintiff's Motion for Sanctions [filed October 4, 2019; ECF 22] is **denied**.

SO ORDERED.

Dated and entered at Denver, Colorado, this 1st day of November, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge