**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   19-cv-2381

WALTER CHARNOFF

　　　　　　　　Plaintiff,

　　　　v.

NANCY LOVING,
ARTPORT LLC d/b/a Art Port LLC, and
STUDIO 41, LLC

　　　　　　　　Defendants.

---

## ANSWER, COUNTERCLAIMS, AND JURY DEMAND

---

　　　　Defendants Nancy Loving, Art Port LLC d/b/a Art Port LLC, and Studio 41, LLC ("Defendants"), by and through their attorneys of record, Shoemaker Ghiselli + Schwartz LLC, answer Plaintiff's Amended Complaint and Jury Demand ("Amended Complaint") as follows:

### 1.　ANSWER TO PARTIES, JURISDICTION, AND VENUE

　　　　1.　Defendants admit that Walter Charnoff ("Plaintiff") is a natural person and resident of Boulder County, Colorado, who resides at 6950 Rabbit Mountain Road, Longmont, Colorado, 80503.  Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

　　　　2.　Defendants admit that Nancy Loving is a natural person and resident of Piermont, New York, who resides at 674 Piermont Avenue, Piermont, New York, 10968

and that Ms. Loving is the owner and operator of an art gallery, that utilizes the name ArtSuite NY.  Defendants deny the "personally engaged in the" typographical error verbiage as well as the remaining allegations contained in paragraph 2 of the Complaint.

3.      Defendants admit that ArtSuite NY is an art gallery located at 466 Piermont Avenue, in Piermont, New York, 10968 and that Art Suite is not a registered entity in New York, Delaware, or Connecticut but simply a trade name for Nancy's art gallery.  Defendant denies the remaining allegations contained in paragraph 3 as either unintelligible or false.

4.      Defendants admit that Art Port, LLC, is a New York limited-liability company, with a principal office address of 75 Wall Street, Unit 17C, New York, New York, 10006 and that Ms. Loving is the registered agent for Art Port, LLC.  Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit that Studio 41, LLC is a Delaware limited-liability company. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny.

7.      Defendants deny.

8.      Defendants deny.

## 2.      ANSWER TO GENERAL ALLEGATIONS

9.      Defendants deny.

10.     Defendants deny that Ms. Loving solicited Plaintiff but admit that Ms. Loving knew Plaintiff was domiciled in the state of Colorado.

11.     Defendants admit that Ms. Loving acted through her art gallery, Art Suite, and entity, Art Port, LLC.  Defendants deny the remaining allegation contained in paragraph 11 of the Complaint.

12.     Defendants admit that Ms. Loving's email signature may have, from time to time, included the names Art Suite and/or Art Port, LLC.  Defendants deny the remaining allegation contained in paragraph 12 of the Complaint.

13.     Defendants admit that Ms. Loving has the exclusive authority to be the sole portfolio manager for Garde art but denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny.

15.     Defendants deny.

16.     Defendants admit such website exists but deny remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that Ms. Loving created a portfolio of Garde artwork selected by Plaintiff and transmitted the same via email to Plaintiff.  Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that Ms. Loving transmitted emails to Plaintiff containing Garde artwork but deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny.

20.     Defendants deny.

21.     Defendants deny.

22.     Defendants deny.

23.     Defendants deny.

24.     Defendants deny.

25.     Defendants admit that Wolliz Investment Properties made a wire totaling $45,120 from a Colorado bank account on August 3, 2016.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny.

27.     Defendants deny.

28.     Defendants admit that Ms. Loving and Plaintiff discussed the purchase of Garde art but deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny.

30.     Defendants admit that Nancy and Plaintiff had discussions while she was in New York and Plaintiff was in Colorado and that she knew he was domiciled in Colorado.  Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny.

32.     Defendants admit that Plaintiff had a prior business relationship unrelated to artwork with Ms. Loving's partner, David Hinkleman.  Defendants are without

information sufficient to admit or deny the remaining allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny.

34.     Defendants deny.

35.     Defendants deny.

36.     Defendants admit that Ms. Loving stored Plaintiff's art in a proper, secure storage location but deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that Ms. Loving exchanged Two Vessels for a different piece of artwork due to Plaintiff's misperception that the piece was damaged. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit that Ms. Loving agreed to store Plaintiff's art in a proper, secure storage facility but deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny.

40.     Defendants deny.

41.     Defendants deny.

42.     Defendants admit that an unbound journal of Garde artwork exists and that she believes it has value, is unique, and historically significant. Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny.

44.     Defendants deny.

45.     Defendants deny.

46.     Defendants deny.

47.     Defendants deny.

48.     Defendants deny.

49.     Defendants admit Ms. Loving knew Plaintiff resided in Colorado but are without information or belief as to whether Plaintiff was located in Colorado when she transmitted any given email.

50.     Defendants deny.

51.     Defendants deny.

52.     Defendants deny.

53.     Defendants deny.

54.     Defendants deny.

55.     Defendants deny.

56.     Defendants deny.

57.     Defendants deny.

58.     Defendants deny.

59.     Defendants deny.

60.     Defendants deny.

61.     Defendants admit that Plaintiff requested that Ms. Loving confirm that she would ship Garde artwork and deny the remaining allegations contained in paragraph 61 of the Complaint.

62.     Deny.

63.     Defendants deny.

64.     Defendants deny.

65.     Defendants deny.

66.     Defendants deny.

67.     Defendants deny.

68.     Defendants deny.

69.     Defendants deny.

70.     Defendants deny.

71.     Defendants deny.

### 3.     ANSWER TO CLAIMS FOR RELIEF

**First Claim – Breach of Contract – Against All Defendants**

72.     Defendants incorporate their prior responses herein.

73.     Admit.

74.     Deny.

75.     Deny.

76.     Deny

**Second Claim – Unjust Enrichment – Against All Defendants**

76.[sic]Defendants incorporate their prior responses herein.

77.     Defendants admit that Art Port LLC has received $186,000 for artwork sold to Plaintiff and that such artwork is being stored at Art Port LLC's expense because Plaintiff refuses to accept delivery of the art sold to him.  Defendants deny the remaining allegations contained in paragraph 77 of the Complaint.

78.     Defendants are without information sufficient to admit or deny the

allegations contained in paragraph 78 of the Complaint and, therefore, deny.

79.     Defendants deny.

80.     Defendants deny.

**Third Claim – Fraudulent Misrepresentation – Against All Defendants**

81.     Defendants incorporate their prior responses herein.

82.     Defendants deny.

83.     Defendants deny.

84.     Defendants deny.

85.     Defendants deny.

**Fourth Claim – Civil Theft Against Nancy, AP, and AS Pursuant to C.R.S. §§ 18-4-401 and 405**

86.     Defendants incorporate their prior responses herein.

87.     Defendants deny.

88.     Defendants deny.

89.     Defendants deny.

90.     Defendants deny.

**Fifth Claim – Conversion – Against AP, AS, and Nancy**

91.     Defendants incorporate their prior responses herein.

92.     Defendants admit that Plaintiff owns the art he purchased from Art Port

LLC but has refused to accept delivery of the same.

93.     Defendants deny.

94.     Defendants deny.

95.    Defendants deny.

## Sixth Claim – Vicarious Liability of AS, AP, and S41 for Nancy's Wrongful Acts Under the Doctrine of Respondeat Superior

91.[sic] Defendants incorporate their prior responses as if fully stated herein.

92.[sic] Defendants deny.

93.[sic] Defendants deny.

94.[sic] Defendants deny.

## Seventh Claim – Joint Venture Liability of S41 for the Wrongful Acts of AS, AP, and Nancy

95.[sic] Defendants incorporate their prior responses herein.

96.[sic] Defendants deny.

97.[sic] Defendants deny.

98.[sic] Defendants deny.

99.[sic] Defendants deny.

## Eighth Claim for Relief – Vicarious Liability of AS, AP, and S41 for Nancy's Wrongful Acts and Vicarious Liability of S41 for AS and AP's Wrongful Acts Under and Doctrine of Actual and Implied Authority

100.[sic] Defendants incorporate their prior responses herein.

101.[sic] Defendants deny.

102.[sic] Defendants deny.

103.[sic] Defendants deny.

104.[sic] Defendants deny.

105.[sic] Defendants deny.

### Ninth Claim for Relief – AS and AP's Vicarious Liability for the Wrongful Acts of Nancy Under the Doctrine of Apparent Authority

106. [sic] Defendants incorporate their prior responses herein.

107. [sic] Defendants deny.

108.[sic] Defendants deny.

109.[sic] Defendants deny.

**All allegations of the Complaint not expressly admitted are herein denied.**

### AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are frivolous, groundless and vexatious entitling Defendants to attorneys' fees.

3.      Plaintiff's recovery and/or damages are precluded or limited due to Plaintiff's failure to mitigate.

4.      Some or all of Plaintiff's claims are barred by release, ratification or waiver.

5.      Plaintiff is barred by the doctrine of estoppel or consent.

6.      Plaintiff has suffered no damages and if he has suffered any losses they are a result of his own actions or inactions.

7.      Plaintiff has failed to plead fraud with specificity as required by Rule 9(b).

8.      Plaintiff's civil theft claim is barred by the economic loss rule.

Defendants respectfully reserve the right to rely on or amend their affirmative defenses as discovery is undertaken.

## COUNTERCLAIMS

1.      In the Fall of 2015, Plaintiff Walter Charnoff first visited Nancy Loving's art gallery, named Art Suite NY, in New York City.

2.      Mr. Charnoff was in New York on business with Ms. Loving's life partner, David Hinkelman.

3.      During Mr. Charnoff's visit to the gallery, he selected artwork, painted by artist Harold Garde, that he wished to purchase.

4.      Ms. Loving is responsible for, and has authority to sell, Harold Garde's art.

5.      Ms. Loving sells Mr. Garde's art through Art Port, LLC.

6.      Art Port had a contractual relationship with Studio 41, a Delaware limited liability company, an entity in which Harold Garde is a member, for the sale of Harold Garde's art from November 22, 2013 and until January 2017.  A new contract was entered into on February 1, 2019.

7.      On October 12, 2015, Ms. Loving emailed Mr. Charnoff with a power point presentation titled "Wally Charnoff Selections" which included "selected works by Harold Garde" that they had discussed a few weeks earlier when he was "in the studio in New York City."

8.      In the same communication, Ms. Loving told Mr. Charnoff that Mr. Garde was "delighted" to hear that Mr. Charnoff was going to "become a collector."

9.      Mr. Charnoff again travelled to Ms. Loving where Ms. Loving was storing the Garde art he desired to purchase and there is a photograph of him standing in the storage facility.

10.     During another of Mr. Charnoff's visits, Mr. Charnoff claimed that one of the pieces of art he agreed to purchase, Two Vessels, had been damaged by a pool cue.

11.     In reality, there was small dust scuff on the painting, which was later cleaned and removed, mostly likely from the age and material or packaging when the art was transported.

12.     The parties agreed to remove Two Vessels from the art transaction(s).

13.     To date, Mr. Charnoff has paid a total of $186,000 in exchange for 79 pieces of Harold Garde artwork from Ms. Loving/Art Port, LLC.

14.     Mr. Charnoff was remodeling his home during the time period after he agreed to purchase the artwork and, as a result, told Ms. Loving that he did not wish to accept shipment of the art because he had no place to store it or hang it.

15.     Mr. Charnoff agreed to pay for storage, insurance and crating of the art he purchased.

16.     When Ms. Loving asked Mr. Charnoff to pay, he changed his tune and began to lodge various accusations against Ms. Loving related to the purchase of artwork including that he was not getting the art he selected, that she refused to ship the art, and that the art was damaged.

17.     Upon information and belief, Mr. Charnoff no longer desires to purchase the art.

18.     Upon information and belief, Mr. Charnoff's loss of a major litigation and/or bankruptcy caused or contributed to his desire not to purchase the artwork.

19.     To date, Mr. Charnoff has not paid for storage, insurance or crating of the art.

20.     To date, Mr. Charnoff has not accepted shipment of the art.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

1.     Defendants Art Port LLC and Nancy Loving incorporate their previous allegations.

2.     Mr. Charnoff agreed to pay $186,000 in exchange for 79 pieces of Harold Garde artwork in two separate transactions.

3.     Mr. Charnoff agreed to pay for storage, insurance and crating.

4.     To date, Mr. Charnoff has refused to accept delivery or possession of the artwork.

5.     Mr. Charnoff has not paid for storage, insurance or crating of the art from the time period he purchased the art and during his remodel.

6.     Mr. Charnoff has breached his contract to purchase art from Art Port LLC/Nancy Loving causing them to suffer damages and losses.

Wherefore, Defendants request damages resulting from Mr. Charnoff's breach of contract, that he be required to specifically perform his obligation by accepting the art, and that he pay associated costs and attorneys' fees.

**Defendants Demand a Jury on all Issues so Triable.**

Dated:  December 3, 2019.

Shoemaker Ghiselli + Schwartz LLC


*/s/  Liza Getches*
Elizabeth H. Getches
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO  80302
Telephone:  (303) 530-3452
FAX:  (303) 530-4071
Email:  lgetches@sgslitigation.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of December, 2019, a true and accurate copy of the foregoing **ANSWER, COUNTERCLAIMS, AND JURY DEMAND** was filed and served via ECF on the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com


*s/ Sarah Lee*_____