**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   19-cv-2381-LTB-MEH

WALTER CHARNOFF

               Plaintiff,

      v.

NANCY LOVING, d/b/a ARTSUITE NY,
ARTPORT LLC,
STUDIO 41, LLC,
ALICIA ST. PIERRE,
MARTIN ST. PIERRE,
ISP HOLDINGS, INC., and
DAVID HINKELMAN

               Defendants.

---

**DEFENDANTS NANCY LOVING, d/b/a ARTSUITE NY, ARTPORT LLC, STUDIO 41,
LLC AND DAVID HINKELMAN'S ANSWER, COUNTERCLAIMS, AND JURY
DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

      Defendants Nancy Loving, d/b/a ArtSuite NY, Art Port LLC and Studio 41, LLC,

and David Hinkelman ("Defendants"), by and through their attorneys of record,

Shoemaker Ghiselli + Schwartz LLC, answer Plaintiff's Second Amended Complaint

and Jury Demand ("Complaint") as follows:

      **1.     ANSWER TO PARTIES, JURISDICTION, AND VENUE**

      1.     Defendants admit that Walter Charnoff ("Plaintiff") is a natural person and

resident of Boulder County, Colorado, who resides at 6950 Rabbit Mountain Road,

Longmont, Colorado, 80503.  Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2.      Defendants admit that Nancy Loving is a natural person and resident of Piermont, New York, who resides at 674 Piermont Avenue, Piermont, New York, 10968 and that Ms. Loving is the owner and operator of an art gallery, that utilizes the name ArtSuite NY.  Defendants note the "personally engaged in the" typographical error as well as deny the remaining allegations contained in paragraph 2 of the Complaint.

3.      Defendants admit that ArtSuite NY is an art gallery located at 466 Piermont Avenue, in Piermont, New York, 10968 and that Art Suite is not a registered entity in New York, Delaware, or Connecticut but simply a trade name for Loving's art gallery.  Defendants deny the remaining allegations contained in paragraph 3.

4.      Defendants admit that Art Port, LLC, is a New York limited-liability company, with a principal office address of 75 Wall Street, Unit 17C, New York, New York, 10006 and that Ms. Loving is the registered agent for Art Port, LLC.  Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit that Studio 41, LLC is a Delaware limited-liability company. Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendants admit that Alicia St. Pierre is a natural person and resident of Cresskill, New Jersey, who resides at 11 Lams Lane, Cresskill, New Jersey, 07626. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit that Martin St. Pierre is a natural person and resident of Cresskill, New Jersey, who resides at 11 Lams Lane, Cresskill, New Jersey, 07626. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit that ISP Holdings, Inc. is a New Jersey corporation which is owned and managed by Martin and Alicia and located at Cresskill, New Jersey, who resides at 11 Lams Lane, Cresskill, New Jersey, 07626.  Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit that David Hinkelman is a natural person and resident of Piermont, New York, who resides at 674 Piermont Avenue, Piermont, NY, 10968. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.      Defendants deny.

11.      Defendants deny.

12.      Defendants deny.

## 2.      ANSWER TO GENERAL ALLEGATIONS

13.      Defendants deny.

14.      Defendants deny that Ms. Loving solicited Plaintiff but admit that Ms. Loving knew Plaintiff was domiciled in the state of Colorado.

15.      Defendants admit that Ms. Loving acted through her art gallery, Art Suite, and entity, Art Port, LLC.  Defendants deny the remaining allegation contained in paragraph 15 of the Complaint.

16.     Defendants admit that Ms. Loving's email signature may have, from time to time, included the names Art Suite and/or Art Port, LLC.  Defendants deny the remaining allegation contained in paragraph 16 of the Complaint.

17.     Defendants admit that Ms. Loving has the exclusive authority to be the sole portfolio manager for Garde art but deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny.

19.     Defendants deny.

20.     Defendants admit such website exists but deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit that Ms. Loving created a portfolio of Garde artwork selected by Plaintiff and transmitted the same via email to Plaintiff.  Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants admit that Ms. Loving transmitted emails to Plaintiff containing Garde artwork but deny the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny.

24.     Defendants deny.

25.     Defendants deny.

26.     Defendants deny.

27.     Defendants deny.

28.     Defendants deny.

29.     Defendants deny.

30.     Defendants deny.

31.     Defendants deny.

32.     Defendants deny.

33.     Defendants deny.

34.     Defendants deny.

35.     Defendants deny.

36.     Defendants admit as to COO of AP but deny remaining allegations.

37.     Defendants admit that the email states what it therein states and deny any

allegation inconsistent with said email.

38.     Defendants deny.

39.     Defendants deny.

40.     Defendants deny.

41.     Defendants deny.

42.     Defendants note typographical errors and deny.

43.     Defendants deny.

44.     Defendants deny.

45.     Defendants deny.

46.     Defendants deny.

47.     Defendants deny damage occurred but admit that Two Vessels was

removed from Plaintiff's transaction.

48.     Defendants deny.

49.     Defendants deny any alleged failure to perform, damage or improper storage.

50.     Defendants deny as unintelligible, vague and false.

51.     Defendants deny.

52.     Defendants admit that an unbound journal of Garde sketches exists that is unique and historically significant. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny.

54.     Defendants deny.

55.     Defendants deny.

56.     Defendants deny.

57.     Defendants deny.

58.     Defendants deny.

59.     Defendants deny.

60.     Defendants deny.

61.     Defendants deny.

62.     Defendants deny.

63.     Defendants deny.

64.     Defendants deny.

65.     Defendants deny.

66.     Defendants deny.

67.     Defendants deny.

68.   Defendants deny.

69.   Defendants deny.

70.   Defendants deny.

71.   Defendants deny the value of the art was for a valuation but rather for Plaintiff's bankruptcy proceeding.

72.   Defendants admit that Plaintiff requested that Nancy ship the artwork and deny the remaining allegations.

73.   Defendants deny.

74.   Defendants deny.

75.   Defendants deny.

76.   Defendants deny.

77.   Defendants deny.

78.   Defendants deny.

79.   Defendants deny.

80.   Defendants deny.

81.   Defendants deny.

82.   Defendants deny.

83.   Defendants deny.

84.   Defendants deny.

85.   Defendants deny.

86.   Defendants deny.

### 3.   ANSWER TO CLAIMS FOR RELIEF

**First Claim – Breach of Contract – Against All Defendants Except ISP, Alicia, David, and Martin**

87.   Defendants incorporate their prior responses herein.

88.   Defendants admit.

89.   Defendants deny.

90.   Defendants deny.

91.   Defendants deny.

**Second Claim – Unjust Enrichment – Against All Defendants**

76.[sic]Defendants incorporate their prior responses herein.

77.   Defendants admit that Art Port LLC has received $186,000 for artwork sold to Plaintiff and that such artwork was stored at Art Port LLC's expense because Plaintiff refuses to accept delivery of the art sold to him.  Defendants deny the remaining allegations contained in second paragraph 77 of the Complaint.

78.   Defendants are without information sufficient to admit or deny the allegations contained in second paragraph 78 of the Complaint and, therefore, deny.

79.   Defendants deny.

80.   Defendants deny.

81.   Defendants deny.

82.   Defendants deny.

**Third Claim – Fraudulent Misrepresentation – Against All Defendants Except ISP, Alicia, and Martin**

83.   Defendants incorporate their prior responses herein.

84.     Defendants deny.

85.     Defendants deny.

86.     Defendants deny.

87.     Defendants deny.

**Fourth Claim – Civil Theft Against Nancy, AP, David, and AS Pursuant to C.R.S. §§ 18-4-401 and 405**

86.     [sic.]Defendants incorporate their prior responses herein.

87.     Defendants deny.

88.     Defendants deny.

89.     Defendants deny.

90.     Defendants deny.

**Fifth Claim – Conversion Against AP, AS, David, and Nancy**

91.     Defendants incorporate their prior responses herein.

92.     Defendants admit that Plaintiff owns the art he purchased from Art Port

LLC but has refused to accept delivery of the same.

93.     Defendants deny.

94.     Defendants deny.

95.     Defendants deny.

**Sixth Claim – Vicarious Liability of AS, AP, and S41 for Nancy's Wrongful Acts Under the Doctrine of Respondeat Superior**

91.[sic] Defendants incorporate their prior responses as if fully stated herein.

92. Defendants deny.

93. Defendants deny.

94. Defendants deny.

**Seventh Claim – Joint Venture Liability of S41 for the Wrongful Acts of AS, AP, and Nancy**

95.[sic] Defendants incorporate their prior responses herein.

96. Defendants deny.

97. Defendants deny.

98. Defendants deny.

99. Defendants deny.

**Eighth Claim for Relief – Vicarious Liability of AS, AP, and S41 for Nancy's Wrongful Acts and Vicarious Liability of S41 for AS and AP's Wrongful Acts Under and Doctrine of Actual and Implied Authority**

100.[sic] Defendants incorporate their prior responses herein.

101. Defendants deny - calls for legal conclusion.

102. Defendants deny- calls for legal conclusion.

103. Defendants deny- calls for legal conclusion.

104. Defendants deny- calls for legal conclusion.

105. Defendants deny.

**Ninth Claim for Relief – AS and AP's Vicarious Liability for the Wrongful Acts of Nancy Under the Doctrine of Apparent Authority**

106. [sic] Defendants incorporate their prior responses herein.

107. Defendants deny.

108. Defendants deny.

109. Defendants deny.

**Tenth Claim for Relief – Civil Conspiracy Against AP, AS, ISP, David, Nancy, and Alicia**

110. [sic] Defendants incorporate their prior responses.

111. Defendants deny.

112. Defendants deny.

113. Defendants deny.

**Eleventh Claim for Relief – Intentional Interference with Contractual Relations – Against Alicia, ISP, and David**

114.[sic] Defendants incorporate their prior responses.

115. Defendants admit that Plaintiff has an existing contract with AP and deny

the remaining allegations.

116.[sic] Defendants are without information sufficient to admit or deny.

117.[sic] Defendants deny.

118.[sic] Defendants deny.

119.[sic] Defendants deny.

**All allegations of the Complaint not expressly admitted are herein denied.**

**AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are frivolous, groundless and vexatious entitling

Defendants to attorneys' fees including but not limited to under C.R.S. 13-17-202

3.      Plaintiff's recovery and/or damages are precluded or limited due to

Plaintiff's failure to mitigate.

4.     Some or all of Plaintiff's claims are barred by estoppel, release, ratification or waiver.

5.     Plaintiff's claims may be barred by the doctrine of judicial estoppel or admission.

6.     Plaintiff is barred by the doctrine of consent.

7.     Plaintiff has suffered no damages and if he has suffered any losses they are a result of his own actions or inactions.

8.     Plaintiff has failed to plead fraud with specificity as required by Rule 9(b).

9.     Plaintiff's civil theft claim is barred by the economic loss rule.

Defendants respectfully reserve the right to rely on or amend their affirmative defenses as discovery is undertaken.

## COUNTERCLAIMS

1.     In the Fall of 2015, Plaintiff Walter Charnoff first visited Nancy Loving's art gallery, named Art Suite NY, in New York City.

2.     Mr. Charnoff was in New York on business with Ms. Loving's life partner, David Hinkelman.

3.     During Mr. Charnoff's visit to the gallery, he selected artwork, painted by artist Harold Garde, that he wished to purchase.

4.     Ms. Loving is responsible for, and has authority to sell, Harold Garde's art.

5.     Ms. Loving sells Mr. Garde's art through Art Port, LLC.

6.     Art Port had a contractual relationship with Studio 41, a Delaware limited liability company, an entity in which Harold Garde is a member, for the sale of Harold

Garde's art from November 22, 2013 and until January 2017.  A new contract was entered into on February 1, 2019.

7.      On October 12, 2015, Ms. Loving emailed Mr. Charnoff with a power point presentation titled "Wally Charnoff Selections" which included "selected works by Harold Garde" that they had discussed a few weeks earlier when he was "in the studio in New York City."

8.      In the same communication, Ms. Loving told Mr. Charnoff that Mr. Garde was "delighted" to hear that Mr. Charnoff was going to "become a collector."

9.      Mr. Charnoff again travelled to Ms. Loving where Ms. Loving was storing the Garde art he desired to purchase and there is a photograph of him standing in the storage facility.

10.     During another of Mr. Charnoff's visits, Mr. Charnoff claimed that one of the pieces of art he agreed to purchase, Two Vessels, had been damaged by a pool cue.

11.     In reality, there was small dust scuff on the painting, which was later cleaned and removed, mostly likely from the age and material or packaging when the art was transported.

12.     The parties agreed to remove Two Vessels from the art transaction(s).

13.     To date, Mr. Charnoff has paid a total of $186,000 in exchange for 79 pieces of Harold Garde artwork from Ms. Loving/Art Port, LLC but refused acceptance of the art based on fabricated allegations of damage and missing artwork.

14.     Mr. Charnoff was remodeling his home during the time period after he agreed to purchase the artwork and, as a result, told Ms. Loving that he did not wish to accept shipment of the art because he had no place to store it or hang it.

15.     Mr. Charnoff agreed to pay for storage, insurance and crating of the art he purchased.

16.     When Ms. Loving asked Mr. Charnoff to pay for these expenses, he changed his tune and began to lodge various accusations against Ms. Loving related to the purchase of artwork including that he was not getting the art he selected, that she refused to ship the art, and that the art was damaged.

17.     Upon information and belief, Mr. Charnoff no longer desires to purchase the art.

18.     Upon information and belief, Mr. Charnoff's loss of a major litigation and/or bankruptcy caused or contributed to his desire not to purchase the artwork.

19.     To date, Mr. Charnoff has not paid for Defendants' storage, insurance or crating of the art.

20.     To date, Mr. Charnoff has not accepted shipment of the art.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

1.     Defendants Art Port LLC and Nancy Loving incorporate their previous allegations.

2.     Mr. Charnoff agreed to pay $186,000 in exchange for 79 pieces of Harold Garde artwork in two separate transactions.

3.      Mr. Charnoff agreed to pay for storage, insurance and crating.

4.      To date, Mr. Charnoff has refused to accept delivery or possession of the artwork.

5.      Mr. Charnoff has not paid for storage, insurance or crating of the art from the time period he purchased the art and during his remodel.

6.      Mr. Charnoff has breached his contract to purchase art from Art Port LLC/Nancy Loving causing them to suffer damages and losses including attorneys' fees.

Wherefore, ArtPort and Ms. Loving request damages resulting from Mr. Charnoff's breach of contract, that he be required to specifically perform his obligation by accepting the art, and that he pay associated costs and attorneys' fees.

**Defendants Demand a Jury on all Issues so Triable.**

Dated: January 28, 2020.

Shoemaker Ghiselli + Schwartz LLC

*/s/  Liza Getches*
Elizabeth H. Getches
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO  80302
Telephone:  (303) 530-3452
FAX:  (303) 530-4071
Email:  lgetches@sgslitigation.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of January, 2020 a true and accurate copy of the foregoing **DEFENDANTS NANCY LOVING, d/b/a ARTSUITE NY, ARTPORT LLC, STUDIO 41, LLC AND DAVID HINKELMAN'S ANSWER, COUNTERCLAIMS, AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was filed and served via ECF on the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

*s/ Sarah Lee*