IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-2381-MEH

WALTER CHARNOFF

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY, et al.

    Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RESPONSE TO ISP HOLDINGS, INC., ALICIA ST. PIERRE, AND MARTIN ST. PIERRE'S MOTION TO DISMISS FOR LACK OF JURISDCTION WITH NEWLY-DISCLOSED EVIDENCE**

---

    Plaintiff Walter Charnoff hereby respectfully files Motion, as follows

    <u>Conferral Statement</u>: This filing is opposed ISP, Inc., and Martin and Alicia St. Pierre.

**I.    Introduction and Timeline: Evidence Disclosed After Plaintiff Filed his Response.**

    1.    Plaintiff respectfully requests that his Response to the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alicia St. Pierre, Martin St. Pierre, and ISP Holdings, Inc., which was filed on April 20, 2020, be supplemented with a Lease for the subject art gallery attached hereto as <u>Exhibit 1</u>.  *See* ECF Entry 89.  Defendants' Motion was supported by Affidavits from Mr. and Ms. St. Pierre, as <u>Exhibits A</u> and <u>B</u>.  *See* ECF Entry 77.  The theory of liability against Mr. St. Pierre is that he accepted the benefit of Plaintiff's funds that he knew were wrongfully acquired by his business partner in an art gallery, Nancy Loving, in payment of an antecedent debt.  The theory of liability against Ms. St. Pierre is that she tortiously and intentionally interfered with a contract

1

made by Ms. Loving and the art gallery with Plaintiff, which proximately caused him damage. The theory of liability against ISP is that it conspired with Mr. and Ms. St. Pierre. The Lease does not impact the theory of liability against ISP or Mr. St. Pierre.

2. Ms. St. Pierre's Affidavit avers that she was nothing more than a passive investor in the art gallery, through ISP, and was never employed by the gallery, never managed any aspect of the gallery, never participated in its business operations, had no active role whatsoever in the gallery, and no personal business relationship with Nancy Loving. Plaintiff submitted <u>Exhibits 13-17</u> and <u>21</u> with his Response to the Motion to Dismiss to show that (1) ArtSuite NY, ArtSuite Gallery, and Art Port LLC—the various names the art gallery has operated under—are one and the same and (2) Ms. St. Pierre had and continues to have a direct and active role in the gallery, including but not limited to putting on exhibitions involving Plaintiff's art, manning the gallery on a regular basis to interact with consumers, and directing policy.

3. After Plaintiffs filed their Response, on April 22, 2020, Ms. Loving disclosed the Lease for the art gallery located at 466 Piermont Avenue, in Piermont New York, a copy of which is attached hereto as Exhibit 1 and is bates stamped Loving 2004-2008. <u>Plaintiff had requested the Lease in written discovery served on January 29, 2020, but as of this filing, despite several conferrals, only the unsigned version has been provided</u>. The undersigned also conferred with counsel for ISP and the St. Pierres before filing Plaintiff's Motion for Jurisdictional Discovery, and said that if the signed Lease were provided, he would not need to file that Motion. Counsel did not respond to that email.

4. **The Lease is relevant because:** (1) Ms. St. Pierre is identified as a signatory of the lease, (2) under Section 37 she personally guarantees the lease and appears to be identified as a member of AP, and (3) AS, ASG, and AP are the same entities and that makes her Affidavit filed with the Motion to Dismiss false or at least materially misleading. These are not the actions

2

of a passive investor, but instead an active participant in the business. A passive investor is someone whose sole risk in a business is the value of their investment, like an outsider who owns common stock in Lockheed Martin but does not work there or have contracts with the company. Here, Ms. St. Pierre has an array of legal liabilities that are intertwined with the success or failure of the art gallery, and indicate she has a direct role in its operations. It therefore rebuts her Affidavit.[1]

**II.  Conclusion: The Lease should be Considered Part of the Record for Jurisdiction**

5.  Plaintiff should be permitted to have the Lease considered as part of the record for purposes of his Response to the Motion to Dismiss. Plaintiff did not want to file this Motion, or the Motion for Leave to File a Reply, but was forced to do so by the failure to provide the Lease in any form before April 20, 2020, and by the representations by counsel for the St. Pierres and ISP that Plaintiff had 2000 pages of discovery before filing his Response, when in fact he had approximately 420 pages of discovery and little of any relevance to the jurisdictional issues. This limited addition to the Response will prejudice no party herein, as well.

Dated this May 6, 2020

---

[1] Counsel for the St. Pierres and ISP in an email on May 5, 2020, said the Lease did not prove anything because it was unsigned. The undersigned explained they'd requested the signed Lease in discovery, and that it was unusual that the two partners in a business and signers of the Lease did not have a signed copy, since a signed copy is necessary under the statute of frauds. Further, unless Ms. Loving is disclosing non-authentic documents, the Lease is relevant. In any event, this Catch-22 situation cannot be fairly blamed on Plaintiff, who has diligently sought the signed Lease. *See* Email dated May 5, 2020, attached as Exhibit 2.

3

/s/ Ian T. Hicks, Esq.
Ian T. Hicks, Reg. No., 39332
The Law Office of Ian T. Hicks LLC
Attorney for Plaintiff
6000 East Evans Avenue, Suite 1-360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of May, 2020, the foregoing Motion was filed via CM/ECF, and served upon the following:

**Shoemaker Ghiselli + Schwartz, LLC**
Elizabeth H. Getches
Cynthia A. Mitchell
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
 FAX: (303) 530-4071
Email: lgetches@sgslitigation.com
Attorney for Defendants

Thomas H. Wagner, #38135
Anderson Law Group
7385 W. Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

*s/Ian T. Hicks, Esq.*