IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 19-cv-2381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,
v.

NANCY LOVING d/b/a ARTSUITE NY;
ARTPORT, LLC;
STUDIO 41, LLC;
DAVID HINKELMAN;
ISP HOLDINGS, INC.;
ALICIA ST. PIERRE; and
MARTIN ST. PIERRE,

    Defendants.

_____

ORDER
_____

    This case is before me on Plaintiff Walter Charnoff's Motion for Leave to Add Claim for Exemplary Damages [Doc # 66]. After consideration of the motion, all related pleadings, and the case file, I grant Plaintiff's motion in part and deny it in part as set forth below.

## I. Background

    This case arises out of Plaintiff's purchase of art from Defendant Nancy Loving. Plaintiff alleges that his purchases were induced by fraudulent misrepresentations and omissions and that the completion of the purchases was fraught with further misconduct. Ms. Loving owns and operates Defendant ArtPort,

LLC ("AP"). Defendant David Hinkelman is Ms. Loving's life partner and a part owner of AP. Mr. Hinkelman introduced Plaintiff to Ms. Loving.

By the motion, Plaintiff seeks to add a claim for exemplary damages against Ms. Loving, AP, and Mr. Hinkelman. Plaintiff argues that he has established that "Ms. Loving, while working on behalf of AP and for her own benefit, and in conjunction with Mr. Hinkelman, made a broad array of fraudulent misrepresentations and omissions in order to induce Plaintiff to purchase the art at issue in this litigation" and has therefore made a prima facie showing that these Defendants acted with fraud, malice, or willful conduct so as to satisfy C.R.S. §13-21-102.

## II. Standard of Review

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Leave to amend may be denied "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 (10th Cir. 2010) (*quoting Duncan v. Manager, Dep't of Safety, City & Cty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005)).

Section 13-21-102(1)(a), C.R.S., allows for the recovery of exemplary damages in all civil actions in which the injury complained of is "attended by circumstances of fraud, malice, or wanton and willful conduct." "Wanton and willful conduct"

2

means "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." C.R.S. § 13-21-102(1)(b).

A claim for exemplary damages may be allowed by amendment to the pleadings after the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26 and the plaintiff establishes prima facie proof of a triable issue. C.R.S. § 13-21-102(1.5)(a). Prima facie proof of a triable issue on liability for exemplary damages requires "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Leidholt v. District Court,* 619 P.2d 768, 771 n. 3 (Colo. 1980), *overruled, in part, on other grounds Corbetta v. Albertson's Inc.,* 975 P.2d 718 (Colo. 1999).

### III.  Analysis

Plaintiff argues that Ms. Loving, AP, and Mr. Hinkelman's alleged misrepresentations to the effect that "artworks by the artist in question, Harold Garde[,] were being purchased by private collectors and museums [ ] and would soon be going up in value" and that they would "actually deliver the art when it was paid for and honor the terms of the parties' deal" support his requested claim for exemplary damages. Plaintiff further cites his attached affidavit to show that Ms. Loving and AP were the sole sellers of Mr. Garde's art and only reported sales of Mr. Garde's artwork to Plaintiff on AP's 2016 tax returns to contradict the alleged misrepresentation about other purchases of Mr. Garde's artwork that were expected

to increase its value.

As an initial matter, I reject Plaintiff's argument that alleged misrepresentations that Defendants would honor the terms of the contract are adequate to support a claim for exemplary damages due to fraud, malice, or wanton or willful conduct. This argument is merely an artful way of stating that Defendants breached their contract with Plaintiff, and exemplary damages are not recoverable on breach of contract claims. *See Mortg. Fin., Inc. v. Podleski,* 742 P.2d 900, 902-5 (Colo. 1987)

Defendants point out several weaknesses in Plaintiff's remaining argument that Ms. Loving made false representations about other purchases of Mr. Garde's artwork and the evidence that purportedly supports it. While there is some merit to Defendants' arguments, they are insufficient at this stage in the proceedings to overcome Plaintiff's showing that there is a reasonable likelihood that the issue of whether Ms. Loving and AP may be held liable for exemplary damages as a result of fraudulent conduct will be submitted to the jury for resolution. With respect to Mr. Hinkelman, however, there is no evidence that he personally made any of the alleged misrepresentations about other purchases of Mr. Garde's artwork and therefore no basis to add a claim for exemplary damages against him.

### IV.  Conclusion

IT IS HEREBY ORDERED as follows:

1. Plaintiff Motion for Leave to Amend to Add Claim for Exemplary Damages

[Doc # 66] is GRANTED IN PART and DENIED IN PART;

      2. Plaintiff's Second Amended Complaint may be amended to add a claim for exemplary damages against Defendants Nancy Loving and AP only; and

      3. Nothing in this Order shall prevent Ms. Loving or AP from challenging the sufficiency of Plaintiff's claim for exemplary damages on summary judgment or otherwise.


Dated: June __17__, 2020 in Denver, Colorado.

                                            BY THE COURT:

                                            ___s/Lewis T. Babcock_____
                                            LEWIS T. BABCOCK, JUDGE