**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-2381-LTB-MEH

WALTER CHARNOFF

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY, et al.

    Defendants.

---

**PLAINTIFF'S RESPONSE TO ST. PIERRE DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR TEMPORARY STAY OF DISCOVERY**

---

Plaintiff, Walter Charnoff, ("Mr. Charnoff" or "Plaintiff") by and through his undersigned counsel, The Law Office of Ian T. Hicks, LLC, hereby respectfully files his Response to the St. Pierre Defendants' Motion for Protective Order And/Or Temporary Stay of Discovery:

    **I.    INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff merely desires to take depositions of fact witnesses to a pending civil action. The Defendants, Alicia St. Pierre, Martin St. Pierre, and ISP Holdings, Inc., ("Defendants") seek to preclude those depositions from happening. Given that discovery from fact witnesses is a central feature of our civil justice system, whose underlying policy is to ensure all relevant evidence is available for trial, one would naturally expect that Defendants might have some imperative legal

reason supporting their position, like say, a privilege, improper service, or a clear violation of a procedural rule.

What Defendants are relying upon instead is as unconvincing as it is simplistic: they simply don't want to be deposed. The baseline "inconvenience" of being deposed, however, is neither a legal nor a logical reason for excusing any of the Defendants from discovery for some interminable amount of time. All discovery is inconvenient in the absolute sense, but that is the bargain we have all struck, and rules we are all subject to, as part of the benefit of living in an organized society. The Defendants engaged in direct business activity with the other Defendants, except Studio 41, LLC ("S41"), by executing an contract to provide a half-million dollars in funding for AP, to be repaid from the proceeds of the sale of art over time.

The Defendants sought to benefit from these business dealings. As counsel for the Defendants admitted on the record at the Court's most recent discovery hearing, Ms. St. Pierre acted as Director of Sales for the gallery that does business at AP, and she acted in this role to preserve and inflate the value of her half-million dollar investment.[1] There is no reasonable argument, and certainly none supported by objective facts and evidence, showing, that she, Martin St. Pierre, and ISP are so clearly lacking in any information that might be reasonably calculated to lead to admissible evidence that the mere taking of their depositions should be affirmatively precluded.

---

[1] Counsel characterized her role as a "volunteer" Director. Whatever limitation this unofficial, unstated description was intended to convey, it is unavailing. Counsel admitted that Ms. St. Pierre acted as a Director for the express purpose of protecting her investment in AP. That is an officer attempting to further a financial interest in a for-profit limited liability company, no different than an executive at Exxon Mobil or Lockheed Martin attempting to preserve the value of their corporate stock holdings. In short, it's a business relationship. Being the one who controls the very activity—sales—that is the purpose of the company and the sustenance that ensures its survival is hardly a detached, remote, or uninvolved activity. Ms. St. Pierre, in this role, was perhaps the most crucial and central officer and employee of AP in existence.

On the other hand, Plaintiff pled allegations and claims for relief in his Second Amended Complaint ("SAC") at paragraphs directly against the Defendants, and they each have unique information critical to proving those allegations and claims. At paragraphs 28-35, 51-54, and 60-65, the SAC alleges a broad array of misrepresentations made by AP, Mr. Hinkleman, and Ms. Loving to induce Plaintiff's purchase.

At paragraphs 82-85, the SAC alleges that the remaining Defendants, the St. Pierres and ISP, (1) obtained an interest in Plaintiff's money, (2) received some of Plaintiff's money, (3) knew that the money had been wrongfully obtained, (4) nevertheless kept it, despite the existence of circumstances rendering such retention unjust, and (5) Ms. St. Pierre affirmatively instructed Ms. Loving to cause AP to breach its contractual obligations to Plaintiff.

The Defendants sought to be deposed may have discoverable information, or information reasonably calculated to lead to admissible evidence as to the truth or falsity of the pre-purchase misrepresentations, the allegations against the Defendants directly, and the use of and accounting for Plaintiff's purchase funds, which is essential to show they obtained a benefit for purposes of the unjust enrichment claim and damages.

Defendants' contention that case law "overwhelmingly" supports a stay is nothing less than hyperbole. The essential facts are undisputed, and they all align in Plaintiff's favor for the taking of routine fact-witness depositions: (1) the depositions will impose no requirement to travel, (2) the depositions will be scheduled to take place at a mutually agreeable date and time to reduce any inconvenience, (3) even if Defendants' Motion to Dismiss is granted, Defendants will still be subject to the exact same depositions, on the exact same facts and issues, in the exact same locations as either fact witnesses or as parties sued in a new action commenced in their home jurisdiction.

Yet, if the depositions are precluded, with a looming discovery cutoff, and the need to obtain information for dispositive motions and trial, the prejudice will be immense, and perhaps case-determinative. Defendants cannot engage in business activities, obtain the benefits of using the corporate form, and the potential windfall of an investment opportunity, all of which are made possible by the existence of laws to organize and protect those economic interests, and courts to enforce those laws, and then unilaterally turn their back on those laws and courts when they see fit. That is neither fair, nor supported by law, nor reconcilable with the effective, rational functioning of an advanced civilization.

Defendants' Motion should be denied, in its entirety, and the Defendants made available for a deposition in accordance with the Rules of Civil Procedure.

## II.     LEGAL STANDARD

"Modern instruments of discovery are designed to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Smith v. Bd. of Cty. Commissioners for the Cty. of Chaves, New Mexico*, 2011 WL 13289869, at *1 (D.N.M. Mar. 21, 2011) (quoting *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 682 (1958)). Indeed, "[t]he Federal Rules of Civil Procedure and judicial precedent also prohibit gamesmanship under the guise of discovery." *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014).

"Fed. R. Civ. P. 26(b) states that '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Kear v. Kohl's Dep't Stores, Inc.,* 2014 WL 2216967, at *1 (D. Kan. May 29, 2014).

4

"Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F. Supp. 1263, 1265 (D. Kan. 1996). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Fox v. Pittsburg State Univ.*, 2015 WL 7572301, at *1 (D. Kan. Nov. 24, 2015) (quoting *Snowden By and Through Victor v. Connaught Lab.,* 137 F.R.D. 325, 341 (D. Kan. 1991)). Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action, whether defendants will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. *See String Cheese Incident, LLC v. Stylus Shows, Inc*., 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Courts in this District generally disfavor the stay of all discovery. *Sanchez v. City & Cty. of Denver, Colorado,* 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020) (citing *Wason Ranch Corporation v. Hecla Mining Co.,* 2007 WL 1655362, at *1 (D. Colo. June 6, 2007)).

### III.   LEGAL ARGUMENT

**A.   None of the Factors for the Issuance of a Stay of Discovery Support the Motion.**

Defendants' counsel begins by arguing that a stay is appropriate, and then turns to an unnecessary on undersigned counsel and the Plaintiff for allegedly engaging in improper litigation practices for "delaying" this litigation. Plaintiff would prefer to focus on the merits, but must respond when called out in this unfortunate manner.

In reality, it is the Defendants who brazenly made false or at least materially misleading statements under oath, Defendants' counsel who has repeatedly refused to respond to emails requesting information on crucial issues, and the Defendants who have repeatedly engaged in transparent discovery gamesmanship by disclosing previously-requested documents, *twice*, after the Plaintiff filed his Response to the Motion to Dismiss for Lack of Jurisdiction, which required two separate supplementations.

Even in the context of this dispute, after Defendants' counsel raised his concern that agreeing to be deposed might be used against them to show a waiver of jurisdiction, the undersigned repeatedly emailed counsel to ask if a written stipulation that Plaintiff would not use that argument could facilitate the taking of the depositions. Defendants' counsel simply ignored those emails. Repeatedly. *See* Emails between Ian Hicks, Esq. and Tom Wagner, Esq., attached as Exhibit A. The "delay" associated with requesting Defendants deposition is not a delay at all, it was timely requested, and the delays of the misrepresentations to the Court and the peculiar intransigence of Defendants' counsel is far more blameworthy and relevant, in any event.

6

In addressing the *String Cheese* factors, none supports a stay.

First, Plaintiff has an interest in expeditiously proceeding with this matter. Plaintiff was, and this is not disputed by any party to this case, deprived of this art for which he paid $186,000.00 for over a year, this case was filed a year ago, and he served discovery promptly in early 2020, then followed up on the response several times to obtain 8 different productions of documents from the remaining Defendants. One need only take a cursory review of the docket to see that Plaintiff has sought to move this case forward, and that is has been actively litigated. It is odd for all of the Defendants to argue that Plaintiff has "over-litigated" the case at one juncture, and the St. Pierre Defendants to now contend it has been under litigated. The discovery cutoff is approaching, and the Defendants are both fact witnesses and parties. They would have been deposed anyways. Their status as both fact witnesses and parties does not create an immunity from discovery. The first factor favors the Plaintiff.

Second, Plaintiff will be prejudiced by a stay. The parties need to conduct depositions and finish discovery, and Defendants are fact witnesses and parties. They hold crucial and unique information that is inextricably intertwined with the facts and issues applicable to all parties. Thus, a stay would impact the overall resolution of the case on the merits and cause a ripple effect of delays that is contrary to the Plaintiff's interests. *See, e.g., Clarendon Nat'l Ins. Co. v. Glickauf*, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) ("As Plaintiff acknowledges, Defendants indicate an intent to depose a significant number of witnesses, and an indeterminate stay may interrupt the Parties' ability to conduct meaningful discovery even in the generous length already provided by this court. Indeed, this court concludes that Clarendon has an interest in proceeding expeditiously with discovery in this action such that granting a stay pending

7

resolution of Defendants' Motion to Dismiss could substantially delay the ultimate resolution of the matter, with injurious consequences.").

Third, while there is some burden in the absolute sense, it is minimal and nothing out of the ordinary. In fact, the opposite is true: if anything, the burden of the Defendants is unusually light. The depositions will be taken at their place of choosing, their time of choosing, and their date of choosing. *See Webb v. Brandon Exp. Inc.,* 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). Defendants will not suffer prejudice beyond ordinary burdens of litigation in the absence of stay merely because they believe in the success of their Motion to Dismiss. *See Baldwin v. United States,* 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (concluding that the defendant would not be prejudiced in the absence of a stay pending resolution of its Motion to Dismiss because the "ordinary burdens associated with litigating a case do not constitute undue burden,").

Finally, neither the convenience to the court nor the interests of nonparties and the public warrant a stay of this matter. For the reasons stated with respect to the second favor, a stay will merely cause delays on the whole case, which will inconvenience the Court. Moreover, the discovery sought is not extensive, it is one deposition per Defendant, and likely less than one day per Defendant. It is the same discovery that would be obtained regardless of whether the action is dismiss for lack of jurisdiction, because a Court can lack jurisdiction over a person for purposes of a claim but still subject that person to being deposed as a witness. And Defendants are parties and fact witnesses here. The public interest is in ensuring the interstate business transactions occur and are regulated in a manner that ensures the enforceability of laws and the

regulation of injurious business practices.  If being an interstate defendant is held as a virtual immunity from discovery, then that will harm the economy and public faith in the legal system

Accordingly, all factors favor denial of Defendants' belatedly-filed Motion to Stay.

## IV.   CONCLUSION

Defendants' Motion should be denied, in its entirety, and they should be ordered to participate in the setting of their depositions forthwith in accordance with the Rules of Civil Procedure.

Dated this 28th day of July, 2020

/s/ Ian T. Hicks, Esq.
Ian T. Hicks, Reg. No., 39332
The Law Office of Ian T. Hicks LLC
Attorney for Plaintiff
6000 East Evans Avenue, Suite 1-360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2020, the foregoing Response was filed via CM/ECF, and served upon the following:

**Shoemaker Ghiselli + Schwartz, LLC**
Elizabeth H. Getches
Cynthia A. Mitchell
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
Email: lgetches@sgslitigation.com
Attorney for Defendants other than Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

Thomas H. Wagner, #38135
Anderson Law Group
7385 W. Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

*s/Ian T. Hicks, Esq.*