**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-2381-MEH

WALTER CHARNOFF

      Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY, STUDIO 41, LLC, DAVID HINKELMAN, ISP HOLDINGS, INC., ALICIA ST. PIERRE, MARTIN ST. PIERRE

      Defendants.

---

**PLAINTIFF'S SUPPLEMENT TO RESPONSE TO DEFENDANTS ISP HOLDINGS, INC., ALICIA ST. PIERRE, AND MARTIN ST. PIERRE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

---

Plaintiff, Walter Charnoff, files his Supplement:

### I.  BACKROUND AND LEGAL ARGUMENT

Defendants ISP Holdings, Inc., ("ISP"), Martin St. Pierre ("Mr. St. Pierre"), and Alicia St. Pierre ("Ms. St. Pierre") (collectively the "ISP Defendants") filed a combined Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (the "Motion").  The Motion focuses primarily on the issue of jurisdiction under Fed. R. Civ. P 12(b)(2) and only seeks dismissal under 12(b)(6) with respect to the unjust enrichment claim.  The ISP Defendants base their Rule 12(b)(2) arguments on two separate, but related contentions: (1) Mr. and Ms. St. Pierre were merely passive investors through ISP, nothing more, and (2) because their interest in ArtPort

LLC ("AP") was represented by ISP, its limited-liability shield must be overcome to establish jurisdiction. Both contentions are flawed, however, and addressed in turn.

The first contention was supported by Affidavits of Mr. and Ms. St. Pierre, attached to their Motion as Exhibit A and B, respectively. In Ms. St. Pierre's Affidavit, at paragraphs 13-16 and 18 she swore that she never held any management position, was never employed by, never signed any contracts for, never exercised any control over the business practices, and no authority regarding the sales, with respect to "Art Port, Artsuite NY, or Studio 41."

Yet, Exhibits 13-17 and 21 to Plaintiff's Response show these statements were false, because Ms. St. Pierre is and has been the Sales Director for "Artsuite Gallery" ("AG"), which has the same address, contact information, business, and employees as AP. AG, as Plaintiff explains in the Response, a fictious, false name that is neither an actual domestic New York entity, nor is it a foreign entity registered to do business in New York, where AG is purportedly located. Pl.'s Resp., § III. B. Plaintiff further established that in Exhibits 13-17 and 21, Ms. St. Pierre engaged in the discrete, continual activity one would expect of her position: meeting with customers at the gallery, setting up and managing exhibitions, and managing sales.

It is thus clear that Ms. St. Pierre's Affidavit was an ill-advised attempt at artful drafting to deny her predominant role in the gallery that operates under, and can lawfully and logically only operate under, the New York entity that is AP, by using the fiction that she worked for AG. Simply put, because AG and AP are the same thing, the Affidavit is false. Additional evidence beyond that in Plaintiff's Response supports the fact that AG and AP are the same.

*First*, at a recent discovery hearing, counsel for the ISP Defendants admitted, to the undersigned's disbelief, that Ms. St. Pierre's was a "volunteer Director of Sales"—even though she was "volunteering" by counsel's admission to protect a $500,000.00 investment—and that

somehow, by some unstated legal principle, immunized her Affidavit from being false or materially misleading.

*Second*, the undersigned repeatedly emailed counsel for Ms. St. Pierre, to confirm whether AG and AP were the same, or if different, how.  In a recurring theme, counsel simply ignored the undersigned.[1]  *See* Exhibit A, Emails between Ian Hicks and Tom Wagner.  *Third*, in recent discovery responses, AP admitted that Ms. St. Pierre worked on a day to day basis handling operations for the gallery that operates under the AP name.  *Fourth*, in a recent conferral email regarding those responses, counsel for AP admitted that AG is simply a d/b/a for AP, which echoes a prior email stating the same thing, and most critically, that checks for art purchased at Artsuite Gallery by customers were made payable to AP, the only lawful entity.  *See* Emails, attached as Exhibit B, Regarding Request for Admission Number 6.  *Fifth*, in response to jurisdictional discovery, the ISP Defendants failed to produce any documents reflecting the true entity status of AG, and deferred to the very same public records from the New York Secretary of State which show that, under the authority and arguments cited in Plaintiff's Response at § III. B., AG has no lawful existence, purpose, or use.

*Sixth*, the bill of lading that Plaintiff received when the disputed art was shipped to Colorado, without notice, says that it was shipped on behalf of Artsuite Gallery, even though it is undisputed Plaintiff purchased from AP.  *Seventh*, the signed lease for a business operating as AP was executed by Ms. St. Pierre as a personal guarantor.  *Eighth*, the responses to jurisdictional

---

[1] The same thing happened when the undersigned attempted to offer a solution to the ISP Defendants' refusal to be deposed as fact witnesses by offering to waive any argument that their appearance for a deposition impacted jurisdiction (a rather specious argument that the undersigned would never make in the first instance), to allay a stated concern of their counsel.  Despite repeated emails asking if that would resolve the issue, no response was given.  Those emails are attached to the response to the ISP Defendants' Motion to Stay.  Such failures to respond or have meaningful dialogue has the air of gamesmanship, unnecessarily increases attorneys' fees, and wastes time.

discovery show that tens of thousands of dollars in payments went from AP to ISP, the only two owners of which were Mr. and Ms. St. Pierre, and Plaintiff should be entitled to discovery regarding whether that is his money for purposes of showing unjust enrichment and a benefit.[2] This validates, potentially, the allegation that Ms. St. Pierre instructed Ms. Loving not to credit Plaintiff with certain paintings as damage replacements to protect her investment and her income from that investment. *Ninth*, even if Ms. St. Pierre was a "volunteer" director, that term is not synonymous with "uninvolved." In fact, the Response shows she managed, directed, and handled the business affairs for AP.

## II.   CONCLUSION

Accordingly, Ms. St. Pierre was directly involved in AP's business, and indeed, managed that business, and the disputed evidence establishes that she tortiously interfered and conspired against Plaintiff, proximately causing him to suffer damages. With respect to Mr. St. Pierre and ISP, the disputed evidence establishes he received a monetary benefit from Plaintiff's wrongfully-obtained and retained monies, knowing of that wrongfulness, under circumstances that make it unjust, supporting a claim for unjust enrichment. These circumstances and contacts, in totality, are more than adequate to support the assertion of personal jurisdiction over the ISP Defendants.

---

[2] As explained in the Response to the Motion to Dismiss and supported by a Declaration, Ms. Loving informed Plaintiff that Mr. St. Pierre and Ms. St. Pierre were paid some of Plaintiff's purchase funds and knew that those funds had been wrongfully obtained or wrongfully retained, and knew the specific facts relating to why holding onto the funds was wrongful, yet still kept possession of the same. This is more than sufficient to state a valid claim for unjust enrichment, and that claim is highly fact-specific and improper to dismiss on a motion to dismiss.

4

Dated this 4th day of August, 2020

*/s/ Ian T. Hicks, Esq.*
Ian T. Hicks, Reg. No., 39332
The Law Office of Ian T. Hicks LLC
Attorney for Plaintiff
6000 East Evans Avenue, Suite 1-360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this August 4, 2020, the foregoing Supplement was filed via CM/ECF, and served upon the following:

**Shoemaker Ghiselli + Schwartz, LLC**
Elizabeth H. Getches
Cynthia A. Mitchell
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
 FAX: (303) 530-4071
Email: lgetches@sgslitigation.com
Attorney for Defendants

Thomas H. Wagner, #38135
Anderson Law Group
7385 W. Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

*s/Ian T. Hicks, Esq.*