# Ian Hicks

| | |
|---|---|
| **From:** | Ian Hicks |
| **Sent:** | Thursday, July 30, 2020 3:24 PM |
| **To:** | Walter Charnoff (Work) |
| **Subject:** | FW: Charnoff - Conferral Re Discovery Responses |

**From:** Liza Getches <lgetches@sgslitigation.com>
**Sent:** Tuesday, July 28, 2020 12:43 PM
**To:** Ian Hicks <Ian@ithlaw.com>
**Cc:** Keely Carraway <keely@ithlaw.com>; Carrie Mumma <carrie@ithlaw.com>
**Subject:** FW: Charnoff - Conferral Re Discovery Responses

Ian,

I respond below.

**Liza Getches**
**SHOEMAKER GHISELLI + SCHWARTZ LLC**
**1811 Pearl Street**
**Boulder, Colorado  80302**
**(303) 530-3452**
**(303) 530-4071 (fax)**
lgetches@sgslitigation.com



**From:** Ian Hicks <Ian@ithlaw.com>
**Sent:** Friday, July 24, 2020 12:44 PM
**To:** Liza Getches <lgetches@sgslitigation.com>
**Cc:** Keely Carraway <keely@ithlaw.com>; Carrie Mumma <carrie@ithlaw.com>
**Subject:** Charnoff - Conferral Re Discovery Responses

Hello Liza,

I am writing to confer on your clients' discovery responses to the request for production and request for admission.  I must kindly ask that you advise that you amend the responses or advise if you will or will not amend by next Wednesday at midnight.  Absent agreement, we will need to contact the court for a discovery conference.  Based on the Florida Garde Complaint, we will need to confer about your client's discovery responses and productions of documents in a separate email.

Response to Request for Admission 25:

You objected on Evidence Rule 408.  That is not a valid objection for discovery, but only for trial.  Please revise the response to include anything excluded by your reliance on that Rule.  Second, you state that it is not reasonably calculated to lead to admissible evidence.  Garde was not paid for the second purchase as we understand it.  Any disputes about what happened with Plaintiff's purchase funds are relevant for the unjust enrichment claim and tracing of funds for our equitable remedies.  Also, even if the Garde lawsuit in Florida does not involve the same funds or paintings, it nevertheless alleges the same patterns of misconduct as this suit.  Any dispute communications are therefore relevant.  Please supplement this response.

**This is a Request for Production.  You seek "the complaint, pleadings, demand letters, settlement communications, requests for payment, or any other documents relating to any lawsuit threatened or commenced by Studio 41, LLC, any member thereof, or Harold Garde, against any Defendant in this litigation."**

**I objected because the "settlement communications, demand letters" in a separate lawsuit regarding a separate contract and "any other document related to any lawsuit" are not relevant to this breach of contract case involving Charnoff's purchase of art.  Whether or not Studio 41 was paid for Charnoff's second art purchase is not part of the lawsuit between Studio 41 and ArtPort and, even if it were, it is undisputed that Studio 41 was not paid for the second purchase so any unjust enrichment and tracing of funds to Studio 41 is, you admit, a non-issue.  Stated another way, Charnoff's case is about the art he purchased from ArtPort and secondary lawsuits are not relevant.  To the extent you seek this information for "patterns of misconduct" (also referred to as character evidence) it is inadmissible.   However, you have the complaint and demand letter so the continued request for information is redundant. Some of the information you seek is also protected by Rule 408.**

Responses to Requests for Admission:

-All objections to vague, incomplete, or incomprehensible are meritless boilerplate objections.  Asking if one name is a trade name for another business entity is not vague, for example.  Please remove these objections.

**I will not "remove" my objections.  Your requests have typos or missing words, and your requests are confusing.  As a result, I do not understand what you are seeking or, if I can glean what you are seeking, I do not comprehend why.**

5. You state that Art Suite Gallery is a business name.  Yet it is not registered.  That is a legal impossibility.  Please amend.

**I do not understand the "legal impossibility" you refer to here.  Please explain. Art Suite Gallery is the name of a gallery where Ms. Loving sold art.  When she sold the art, the customers made payments to ArtPort LLC.**

6. You state that Art Suite Gallery is a business name.  Then you object on the grounds of a legal conclusion.  This is a simple question, either it is or it is not a trade name for Art Port LLC.  This is gamesmanship.

**I again do not understand your request, there seem to be words missing.  You state: "Admit that the gallery that ArtSuite Gallery is not a trade name for Art Port LLC, and was not from January 1, 2015 through December 31, 2019."  Ms. Loving sells art through her LLC, ArtPort LLC.  Sometimes those buyers have visited a gallery by the name of Art Suite Gallery, this is a business name ("business" also another word for "trade") to purchase art and payment is made to ArtPort LLC.  It seems as though you are seeking some kind of legal admission which I am uncomfortable making or I simply do not understand the import or relevant of this exercise.  Please explain.**

12. You deny the termination.  Yet there is a termination letter attached to the Florida Garde Complaint.  This is not a good faith answer.  Please amend.

**You asked Defendants to Admit that Ms. Loving has been terminated as the agent for Harold Garde.  We denied because there is no contract between Ms. Loving and Mr. Garde.  To the extent you intended to ask whether *ArtPort LLC's* <u>contract</u> was terminated by *Studio 41,* Studio 41 sent notice of termination of the agreement (you have this letter) and ArtPort denies the termination is valid.  Stated differently, whether asked correctly or not, Defendants' denial is correct.**


14, 15, 17: You deny.  Ask your client about the crime of resisting/obstructing a peace officer with violence.  Case number 03002222CF10A, Broward County Florida, 2003.  Nancy was arrested by the Fort Lauderdale Police on Mach, 5, 2003.  Please advise if you will be amending this answer.

**Your requests have nothing to do with this breach of contract case and are propounded solely to harass.  You asked about Ms. Loving's "convictions" for 3 crimes and drug and alcohol treatment.  Defendants have no obligation to respond to these harassing, inappropriate and irrelevant requests but, nevertheless, each are appropriately denied as none occurred.  Consistent with each of your motions in this case (sanctions motion against me/my client, threatened sanctions motion against ISP attorney/his client, threatened motion to disqualify my firm, and each of the previous discovery dispute hearings where you wrongfully allege you have been denied documents and information), you are consistently heralding assumption of wrongdoing, over fact. Your motions are also consistently a waste of the parties and court's time and resources and not proportional to the needs in this breach of contract case.**

Thank You

Ian Hicks



The Law Office of Ian T. Hicks, LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado 80222
Phone: (720) 216-1511
Fax: (303) 648-4169
ithlaw.com
ian@ithlaw.com

3