IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY,
ARTPORT, LLC,
STUDIO 41, LLC,
DAVID HINKELMAN,
ISP HOLDINGS, INC.,
ALICIA ST. PIERRE, and
MARTIN ST. PIERRE,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Motion for Protective Order and/or Temporary Stay of Discovery [filed July 20, 2020; ECF 116] filed by Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc. ("St. Pierre Defendants"). The motion has been referred to this Court for resolution, and the matter is fully briefed. For the reasons that follow, St. Pierre Defendants' motion is denied.

**I.    Background**

    This case concerns Plaintiff's purchase of art from Defendant Nancy Loving ("Ms. Loving"). Plaintiff alleges he was induced by fraudulent misrepresentations and omissions into purchasing the art, and that the completion of the purchases was fraught with further misconduct. Ms. Loving conducts business through ArtPort, LLC ("ArtPort"). Defendants Alicia St. Pierre and Martin St. Pierre own Defendant ISP Holdings, Inc., which is an investor in ArtPort. Plaintiff

alleges claims against the St. Pierre Defendants stemming from their alleged involvement in ArtPort and the purchases at issue in the case.

On March 9, 2020, the St. Pierre Defendants filed a motion to dismiss based on lack of personal jurisdiction. ECF 77. That motion to dismiss is currently pending before the Honorable Lewis T. Babcock. Plaintiff seeks to take the depositions of the St. Pierre Defendants. Following a discovery conference with this Court, the St. Pierre Defendants filed the present Motion, requesting a temporary stay of discovery pending resolution of the motion to dismiss.

**II.   Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is not warranted.

Beginning with the first *String Cheese* factor, Plaintiff has a general interest in proceeding expeditiously with his claims and in avoiding unnecessary delay. *See id*. The St. Pierre Defendants argue, though, that Plaintiff's interest in proceeding expeditiously is undercut by the delay caused by Plaintiff in this matter. Mot.at 6. Specifically, the St. Pierre Defendants contend that Plaintiff

could have issued subpoenas for depositions as early as December 2019 but has waited until a month before the discovery cut-off. *Id.* The St. Pierre Defendants do not, though, claim that Plaintiff's request for depositions is untimely. They also do not cite, and the Court cannot find, caselaw standing for the proposition that alleged delay in requesting depositions should be considered as evidence that a plaintiff is not proceeding expeditiously.

Also, while the St. Pierre Defendants request a temporary stay, the requested stay is for an indeterminate amount of time. "The mere pendency of a [m]otion to [d]ismiss on jurisdictional grounds does not entitle the . . . defendants to a complete and indefinite stay." *Bustos v. U.S.*, 2009 WL 416511, at *3 (D. Colo. Feb. 18, 2009). The St. Pierre Defendants seek a protective order and stay from Plaintiff's request for depositions, but based on the allegations in Plaintiff's complaint, the allegations implicate the St. Pierre Defendants such that a deposition of each is not unreasonable whether they are parties or non-parties. Put differently, Plaintiff may seek to take depositions of the St. Pierre Defendants, regardless of their status as parties in this suit. Therefore, granting a stay may actually prejudice Plaintiff's desire to proceed expeditiously here. *See Clarendon Nat. Ins. Co. v. Glickauf*, 2019 WL 1897845, at *2 (quoting *Chavez v. Young America Ins. Co.*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007)) ("[A]n indeterminate stay may interrupt the [p]arties' ability to conduct meaningful discovery. . . . Indeed, . . . [plaintiff] has an interest in proceeding expeditiously with discovery . . . such that granting a stay pending resolution of [a] Motion to Dismiss 'could substantially delay the ultimate resolution of the matter, with injurious consequences.'"). Thus, the Court finds the first factor weighs against a stay.

The second *String Cheese* factor examines the burden on the St. Pierre Defendants if the parties are required to proceed with discovery while the motion to dismiss remains pending. The court in *String Cheese* recognized the potential burden on defendants when a motion to dismiss

for lack of personal jurisdiction is pending. *See String Cheese Incident, LLC,* 2006 WL 89455 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"). Plaintiff argues that the St. Pierre Defendants "will not suffer prejudice beyond ordinary burdens of litigation in the absence of [a] stay." Resp. at 8 (citing *Baldwin v. United States*, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) ("The ordinary burdens associated with litigating a case do not constitute undue burden.") (citation omitted)). The Court recognizes that the burden to participate in discovery is greater on defendants when there are jurisdictional issues to address. *See Bustos v. United States*, No. 08-cv-00153-LTB-MEH, 2009 WL 416511, at *3 (D. Colo. Feb. 18, 2009) ("Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved.").

However, "this [C]ourt is not persuaded that [the St. Pierre] Defendants will suffer prejudice beyond ordinary burdens of litigation in the absence of stay because they believe in the success of their" motion to dismiss. *Clarendon Nat. Ins. Co.*, 2019 WL 1897845, at *3. As mentioned above, the allegations in Plaintiff's complaint are such that Plaintiff is likely to be able to take the St. Pierre Defendants' depositions regardless of whether they are parties. The alleged nature of the relationship between the St. Pierre Defendants and the other defendants give credence to the notion that the St. Pierre Defendants may have discoverable information. Their potential depositions, then, do not contribute to "undue burden or expense." Fed. R. Civ. P. 26(c). Moreover, even if the motion to dismiss is granted, Plaintiff could refile his claims against the St. Pierre Defendants in a court with personal jurisdiction over them. The St. Pierre Defendants would then be subject to the same depositions that Plaintiff seeks here. *See Clarendon Nat. Ins. Co.*, 2019 WL 1897845, at *3 ("Indeed, to the extent that this action is transferred to the United States District Court for the Northern District of Georgia, the Parties will still require the same discovery under

4

the same Federal Rules of Civil Procedure."). Therefore, the Court finds the second factor weighs against the granting of a stay.

As to the third *String Cheese* factor of convenience to the court, the Court begins by noting that if the motion to dismiss is granted, the St. Pierre Defendants will be dismissed from this case for lack of personal jurisdiction. In other words, this case "will be fully resolved [as to them] in this jurisdiction." *Kennedy v. McCormick*, 2013 WL 150297, at *3 (D. Colo. Jan. 14, 2013). This notion weighs slightly in favor of granting the stay in "the interests of judicial economy and efficiency." *Id.* Yet, the Court also finds it would be "inconvenienced if matters proceed in a piecemeal fashion which would occur if discovery proceeded against some, but not all, defendants." *String Cheese*, 2006 WL 894955, at *2. The St. Pierre Defendants request a temporary stay of discovery as to them; hence, if granted, and to the extent any other discovery remains, discovery in this case would proceed against every defendant except the St. Pierre Defendants. Given the competing interests regarding the convenience to the court, the Court does not find the third *String Cheese* factor weighs in favor of either granting or denying the stay. Additionally, consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The Court does not perceive any impact on the interests of non-parties or the public from a stay of discovery in this case.

Because factors one and two weigh in favor of a stay, and factors three, four, and five do not affect the balance, the Court finds that a stay of the proceedings is not appropriate.

### III.    Conclusion

Accordingly, the St. Pierre Defendants' Motion for Protective Order and/or Temporary Stay of Discovery [filed July 20, 2020; ECF 116] is **denied**.

Dated at Denver, Colorado, this 4th day of August, 2020.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge