# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-2381-MEH

WALTER CHARNOFF

        Plaintiff,

        v.

NANCY LOVING, d/b/a ARTSUITE NY,
ARTPORT LLC,
STUDIO 41, LLC,
ALICIA ST. PIERRE,
MARTIN ST. PIERRE,
ISP HOLDINGS, INC., and
DAVID HINKELMAN

        Defendants.

---

**DEFENDANTS NANCY LOVING, ARTPORT LLC, STUDIO 41, LLC, AND DAVID HINKELMAN'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

---

Defendants Nancy Loving, ArtPort LLC, Studio 41, LLC, and David Hinkelman ("Defendants"), by and through undersigned counsel, submit the following Response in Opposition to Motion to Compel:

Plaintiff's complaint contains 6 substantive claims for relief: Breach of Contract, Unjust Enrichment, Fraudulent Misrepresentation, Civil Theft, Conversion and Civil Conspiracy. The remaining 4 claims, for vicarious liability and joint venture liability, are premised on liability on the 6 substantive claims for relief. However, each of Plaintiff's claims are merely contractual: the alleged failure of Defendants to perform various promises related to the sale art to Plaintiff.

Two months ago, Plaintiff requested a discovery dispute conference during which he claimed Defendants should be compelled to produce three categories of financial information:

1. All emails, text, and written communications between the various Defendants regarding Defendants' investment in Art Port and Artport's distribution of proceeds from Plaintiffs' purchases.

2. Records regarding the distribution of proceeds from Plaintiff's purchases to the other Defendants.

3. Tax returns and K-1s for ArtPort for 2016-2019 tax years.

*See* Exhibit B to Motion to Compel [DOC 118].

The information requested does not even have *minimal* relevance to Plaintiff's claims or Defendants' defenses — or the information has already been produced. In the Minute Order from the June 17, 2020 discovery dispute conference, [DOC 107] Judge Hegarty ordered the parties to consider Judge Babcock's recent Order [DOC 66] and the "impact" it may have on the discovery dispute and to "enter motions regarding said disputes if needed." [DOC 66]. In that Order, Judge Babcock rejected "Plaintiff's argument that alleged misrepresentations that Defendants would honor the terms of the contract are adequate to support a claim for exemplary damages due to fraud" …" because that is "merely an artful way of stating that Defendants breached their contract with Plaintiff…" *Id.* at 4.

Plaintiff ignores the Order in his Motion but Judge Babcock's reasoning applies with equal force here. In his Complaint, Plaintiff attempts to re-cast his contract claim under a nefarious cloak of fraud, by claiming that Defendants' same representations they would perform their contractual promises support claims for fraudulent misrepresentation, conspiracy and civil theft. [DOC 118 at 2].

But the alleged fraudulent misrepresentations Plaintiff claims supports the relief sought in his Motion, paragraphs 28 through 66 of the SAC, repeat the parties' alleged contract, such as pricing and shipping cost (¶28), that Defendants believed the art would increase in value (¶29), that Defendants would undertake marketing efforts (¶32), that the journal was bound and, in that state, historically significant (¶51), that Defendants unbound the journal and removed paintings (¶54), and the names and pricing of paintings that made up the contract (¶60-65

In his Motion, in an effort to obtain internal financial information of ArtPort, Plaintiff now claims he was "induced" to enter into the contract based on statements Defendants made about ArtPort's recent sales and showings, but nowhere does Plaintiff allege that he would not have entered into the contract to purchase the art had he known the representations regarding ArtPort's finances were untrue, nor does he plead a claim for fraudulent inducement.  Plaintiff states that ArtPort's representation that it had recent museum and private collector acquisitions that increased the value of the art induced him to enter into the contract but he does not claim that the value of the art has decreased and he has no expert who will so opine. In any event, Defendants produced records showing private collector and museum acquisitions.  Finally, the actual financial records

requested (communications regarding investments into the company and tax returns) do not relate to whether there was an increase in "value" to the art nor do they support any allegation or claim for relief pled in his complaint.

Specifically,

- Plaintiff seeks documents related to investments by third parties into ArtPort.[1] **Although irrelevant to any of his claims**, Defendants produced the bank records showing the investments by defendant ISP, in an effort to cooperate. ISP also produced bank records showing its investments.

- Plaintiff seeks **communications** regarding those investments but advances no argument or explanation how those communications have any relevance to his claims. Defendants stand by their objection as to relevance and proportionality. Exhibit A to Motion to Compel, Interrogatory No. 2.

- In Plaintiff's Motion, p.3-4, he states that Defendants should be compelled to produce "communications between the various defendants concerning the allegations of the SAC" but he **did not request** those communications in his Discovery Requests and, tellingly, he cites to no such request. And, Defendants produced all communications with Plaintiff.

- Plaintiff's seeks documents showing distributions of proceeds from Plaintiff's purchase to other Defendants (to support his unjust enrichment claim).

---

[1] *See* Exhibit A to Motion to Compel [DOC 118] at Interrogatories Nos. 2 and 3.

    **Defendants produced** records of the distribution to Studio 41, which is the only distribution made to Studio 41 from Plaintiff's purchase monies. Contrary to Plaintiff's speculation, Defendant did not distribute proceeds from Plaintiff's purchase directly to ISP, or other Defendants.

- Plaintiff states that Defendants should be compelled to produce "records relating to the financial condition of AP from January 1, 2016 through January 1, 2020", Motion [DOC 118] at p. 4, but he **did not request** the same in his discovery request and ArtPort's financial condition is not relevant to his claims, allegations or damages.

- Plaintiff seeks storage receipts for "all storage facilities used by AP". Exhibit B to Motion to Compel [DOC 118] at Interrogatory No. 17. **Defendants produced** the storage receipts for storage of the art that Plaintiff purchased. Receipts related to any or all storage facilities used by ArtPort for any and all art for each and every ArtPort customer is irrelevant and burdensome and also provided a detailed response regarding ArtPort's storage of art. *Id.*

- Plaintiff seeks additional tax returns but explains no connection between such confidential information and his claims or damages. As objected to by Defendants in their Discovery Responses, "ArtPort's tax returns are not relevant to any claim or recoverable damage in this breach of contract action." *Liedholt v. District Court*, 619 P.2d 768 (Colo. 1980). Plaintiff asserts that the returns will show that ArtPort had low sales and, thus, Defendants did not have the "ability to generate a market

for the art which was an inducement for the purchases". However, ArtPort's sales income has no correlation to whether it can generate a market for the art and Plaintiff *does not allege* in his Complaint that there is not a market for the art or that the market has declined. As stated above, Plaintiff alleges no decrease in value of the art, no damages related to the lack of market for the art, nor has he endorsed a damages expert who will opine that any such market fails to exist or that the value of the art he purchased has declined in value due to Defendants actions or failures to act.

Tellingly, Plaintiff's counsel stated reason demonstrates that the information is not sought to show the viability of ArtPort as a company but, rather: "to show who were members in Art Port, to validate the change in interests in Art Port, and to demonstrate that the appraisals disclosed were for the purposes of tax write offs and thus likely to be inflated and infected with bias." Exhibit B to Motion to Compel, p. 5 at 3.a. That reason is, similarly, not germane to Plaintiff's claims or defenses.

Under F.R.C.P. 26(b)(2) the scope of discovery is limited to non-privileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case…" The documents requested by Plaintiff seek information regarding the reported income of ArtPort and communications regarding investments and distributions of Plaintiff's purchase monies, but the information requested has nothing to do with his claims. Each of Plaintiff's claims is simply a reiteration of his breach of contract claim and none of the documents requested bear any relevance on any allegation or claim in his Second Amended Complaint. Moreover, Defendants already produced much of what

Plaintiff seeks through his Motion, except for irrelevant and confidential tax returns and irrelevant communications regarding investments. Defendants request that the Court deny Plaintiff's Motion.

Dated: August 14, 2020.

            Shoemaker Ghiselli + Schwartz LLC

            */s/ Liza Getches*
            Elizabeth H. Getches
            SHOEMAKER GHISELLI + SCHWARTZ LLC
            1811 Pearl Street
            Boulder, CO  80302
            Telephone:  (303) 530-3452
            FAX:  (303) 530-4071
            Email: lgetches@sgslitigation.com
            **ATTORNEY FOR DEFENDANTS NANCY LOVING, d/b/a ARTSUITE NY, ARTPORT LLC, STUDIO 41 LLC, AND DAVID HINKELMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2020, a true and accurate copy of the foregoing **DEFENDANTS NANCY LOVING, ARTPORT LLC, STUDIO 41, LLC, AND DAVID HINKELMAN'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL** was filed and served via CM/ECF on the following:

 Ian T. Hicks, Reg. No. 39332
 The Law Office of Ian T. Hicks LLC
 6000 East Evans Avenue, Building 1, Suite 360
 Denver, Colorado, 80222
 Telephone: (720) 216-1511
 Facsimile: (303) 648-4169
 E-mail: ian@ithlaw.com

            *s/ Sarah Lee*