# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   19-cv-2381

WALTER CHARNOFF

        Plaintiff,

    v.

NANCY LOVING, d/b/a ARTSUITE NY,
ARTPORT LLC,
STUDIO 41, LLC,
ALICIA ST. PIERRE,
MARTIN ST. PIERRE,
ISP HOLDINGS, INC., and
DAVID HINKELMAN

        Defendants.

---

**NANCY LOVING, d/b/a ARTSUITE NY, ARTPORT LLC, STUDIO 41, LLC, AND DAVID HINKELMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY**

---

    Defendants Nancy Loving, d/b/a ArtSuite NY, Art Port LLC, Studio 41, LLC, and David Hinkelman ("Defendants"), by and through their attorneys of record, Shoemaker Ghiselli + Schwartz LLC, submit the following Responses to Plaintiff's First Set of Written Discovery.

## GENERAL OBJECTIONS

    Defendants make the following General Objections to Plaintiff's First Set of Written Discovery ("Discovery Requests") and incorporate the same into each of their individual responses:

1. Defendants object to all of Plaintiff's Definitions, Instructions, and Discovery Requests to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

Vessels was cleaned with a soft cloth to remove the dust that Plaintiff, a novice art purchaser, misapprehended as damage on a 1972 art piece painted on masonite.

5. Did any of the following persons or entities have any ownership, membership, shares, equitable interest, or any other type of percentage or rights in Artsuite/ArtPort or its profits from January 1, 2015 through the present: Nancy, the St. Pierres or either of them, David, ISP Holdings, Studio 41, or Harold?

**RESPONSE**: Defendants object on the grounds Interrogatory number 5 seeks information that is not relevant. Without waiving said objections, see applicable documents produced herewith or previously produced related to ArtPort, LLC including ArtPort Limited Membership Investment Agreement, ArtPort Transfer of Equity Agreement Hinckleman/Loving, ArtPort Operating Agreement. ArtPort contends that ISP has a contingent membership interest and that the contingency has not yet occurred. With respect to Studio 41 and Mr. Garde, no.

6. If your answer to interrogatory 5 is yes, please provide the following:

    a. explain the nature of the interest;
    b. when such interest arose and if applicable, terminated;
    c. identify the documents relating to such interest; and
    d. identify the communications relating to such interest.

**RESPONSE**: Defendants object on the grounds that this interrogatory contains impermissible, multiple subparts under F.R.C.P. 33(a)(1). Further, this interrogatory, sometimes referred to as a contention interrogatory, is overbroad. *See Felix v. City & County of Denver,* No. 08-cv-02228-MSK-KMT, 2009 WL 3838587 (D.Colo. 2009); *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) ("The nature of the federal discovery rules themselves suggests they are intended to facilitate reasonable discovery, not unduly burdensome, but selected by each party to fit the needs of the particular case. The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know…" ). Defendants object on the grounds Interrogatory number 6 is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant or admissible evidence. Plaintiff's request that Defendants produce documents "relating to" various interests of managing members Loving and Hinkelman and investor/special membership holder, ISP Holdings is not relevant, may be protected by attorney client privilege and is overly broad and unduly burdensome violates the proportionality requirements contained in F.R.C.P. 26. Subject to and without waiving any objection, see Response to Interrogatory Number 5 and documents identified therein.

7. Please identify and describe Nancy's and/or ArtPort's/Artsuite's agreement with Harold and/or Studio 41, including the terms of the agreement and any documents

**RESPONSE**: Defendants object on the grounds Request for Production number 7 is harassing, oppressive, requests confidential information and is not likely to lead to the discovery of relevant or admissible evidence.  Request for Production number 7 is solely intended to unnecessarily amplify this litigation and harass ArtPort/Ms. Loving.  Bank statements related to ArtPort's receipt of payments from Plaintiff are produced herewith.

8.     Please provide ArtPort's/ArtSuite's business records or other documentation demonstrating its revenue from each piece of art it sold, including the name of the artist, the  amount of revenue, and the name of the piece of art, for the time period from January 1, 2016  through December 1, 2019.

**RESPONSE**:  Defendants object on the grounds Request for Production number 8 is harassing, oppressive, and requests information that will not lead to the discovery of relevant or admissible evidence and violates the proportionality requirements contained in F.R.C.P. 26.  Subject to and without waiving any objection, Defendants have sold numerous of pieces of art and the unrelated art is not relevant to Plaintiff's purchases nor could Defendants identify each piece of art at this time.  Defendants assert that the price of Garde art separate from the Garde art purchased by Plaintiff is not relevant as each piece of art is unique.  Without waiving any objection, Defendant ArtPort produces herewith records of previous Garde art sold by ArtPort (Patrick D. acquisition, "Kimonos" sale, and University of Wyoming Museum purchase) and pricing for Garde art.

9.     Please provide ArtPort's/ArtSuite's profit and loss statements and balance sheets for the time period from January 1, 2016 through December 1, 2019.

**RESPONSE**:  See Responses and objections contained in Response to Request for Production number 2.  Profit and loss statements and balance sheets are not relevant, and are confidential.

10.    Please provide any documents and any communications relating to any agreement, pledge, promise, undertaking, or other transaction relating to or involving the management of ArtPort/ArtSuite, or the sharing of revenue, profits, or losses, between ArtPort/ArtSuite or Nancy, on the one hand, and Mr. Hinkelman, the St. Pierres or either of  them, ISP Holdings, Harold, or Studio 41 on the other hand.

**RESPONSE**:  See  Membership Interest Agreement involving ISP, Hinkleman and Loving and the 2013 and 2019 Studio 41/ArtPort Agreements, previously produced.

11.    Please provide ArtPort's/ArtSuite's operating agreement, from the original agreement, any amendments, and the current version of the agreement.

**RESPONSE**: Defendants object on the grounds Request for Production is vague and

to accept shipment, it was in a separate storage unit from other artwork.

Dated: April 7, 2020.

        Shoemaker Ghiselli + Schwartz LLC

        <u>*/s/ Liza Getches*</u>
        Elizabeth H. Getches
        SHOEMAKER GHISELLI + SCHWARTZ LLC
        1811 Pearl Street
        Boulder, CO  80302
        Telephone:  (303) 530-3452
        FAX:  (303) 530-4071
        Email:  lgetches@sgslitigation.com
        *Attorney for Defendants Nancy Loving, d/b/a Artsuite NY, Artport LLC, Studio 41, LLC, and David Hinkelman*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of April, 2020 a true and accurate copy of the foregoing **NANCY LOVING, d/b/a ARTSUITE NY, ARTPORT LLC, STUDIO 41, LLC, AND DAVID HINKELMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY** was served via E-mail on the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com


                                              *s/ Liza Getches*