IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 19-cv-02381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,
v.

NANCY LOVING d/b/a ARTSUITE NY;
ARTPORT, LLC;
STUDIO 41, LLC;
DAVID HINKELMAN;
ISP HOLDINGS, INC.;
ALICIA ST. PIERRE; and
MARTIN ST. PIERRE,

    Defendants.

---

ORDER

---

This case is before me on Plaintiff Walter Charnoff's Motion for Leave to Supplement Complaint [Doc # 108]. After consideration of the motion, all related pleadings, and the case file, I grant Plaintiff's motion in part and deny it in part as set forth below.

## I. Background

This case arises out of Plaintiff's purchase of art from Defendant Nancy Loving. Plaintiff alleges that his purchases were induced by fraudulent misrepresentations and omissions and that the completion of the purchases was fraught with further misconduct. Ms. Loving owns and operates Defendant ArtPort,

1

LLC ("AP"). Defendant David Hinkelman is Ms. Loving's life partner and former part owner of AP. Mr. Hinkelman was directly involved in Plaintiff's purchase of art from Ms. Loving.

By the motion, Plaintiff seeks to add (1) factual allegations regarding purported damage to the art and failure to insure it to further support his existing claims for fraudulent misrepresentation and breach of contract and (2) two claims of defamation against Mr. Hinkelman with supporting factual allegations. Specifically, Plaintiff alleges that Mr. Hinkelman made the following false and defamatory statements in an email dated August 1, 2019:

> 1. "we are dealing with a deeply troubled person. Since we sold him the initial collection of your work in 2016--He has been in and out of treatment for mental and emotional issues[;]"
>
> 2. "[he] lost a major lawsuit over the last company he founded and sold (which we were investors in and were financially and personally impacted by his misrepresentations that we uncovered a few weeks ago)[;]"
>
> 3. "he attempted to bully [Ms. Loving] and blackmail [AP][; and]"
>
> 4. "filed for Bankruptcy … [h]e is highly unpredictable"

*See* Motion, pp. 5-6. This email was sent to Harold Garde, the artist whose work Plaintiff purchased from Ms. Loving, and other parties with some role in Defendant Studio 41.

## II. Standard of Review

Plaintiff filed his motion pursuant to Fed. R. Civ. P. 15(d) which allows for supplemental pleadings that set out any transaction, occurrence, or event that

2

happened after the date of the pleading to be supplemented. Plaintiff asserts that supplementation of his Second Amended Complaint is warranted because the relevant facts were only recently discovered. The timing of discovery, however, is not the standard for supplementation under Rule 15(d). In any event, the standard of review under Rule 15(d) is the same as that under Rule 15(a), which Plaintiff also cites in his motion. *Lystn, LLC v. Food & Drug Admin.,* 2020 WL 248962, at *11 (D. Colo. Jan. 16, 2020)

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Leave to amend may be denied "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 (10th Cir. 2010) (*quoting Duncan v. Manager, Dep't of Safety, City & Cty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005)).

### III.   Analysis

Defendants make no argument in opposition to Plaintiff's proposed amendments relating to the alleged failure to insure the purchased art. I therefore focus my analysis on the proposed amendments relating to alleged damage to the art and the two defamation claims against Mr. Hinkelman.

### A. Proposed Amendments Relating to Alleged Damage to the Art

Defendants oppose the proposed factual allegations regarding damage to the

art on the basis that they would be prejudiced by these amendments. I disagree.

Although Defendants argue that Plaintiff never complained of damage to the art prior to the commencement of this case or in any of the three previously filed complaints, both Plaintiff and Defendants reference such allegations in the Scheduling Order dated December 18, 2019. *See* Plaintiff's Statement of Claims and Defenses, Doc # 54, p. 3 ("Furthermore, while he [sic] art was in Ms. Loving's possession, it was damaged and possibly switched out in the [sic] way that deprives Plaintiff of the full value of the art."); Defendants' Statement of Claims and Defenses, Doc #54, p.3. ('… [Plaintiff] began claiming that the art he desired to purchase was either not the art he selected, had been damaged, or was not properly stored and insured."). Thus, Defendants have long known that alleged damage to the art was at issue in the case. Furthermore, with trial not scheduled to commence until February 1, 2021, Defendants may seek additional discovery relating to the added allegations of damage to the art if necessary.

I therefore conclude that Defendants will not be prejudiced by Plaintiff's proposed factual allegations regarding damage to the art and grant Plaintiff's request to add these allegations via a third amended complaint.

### B. Proposed Amendments to Add Defamation Claims Against Mr. Hinkelman

Defendants also oppose the proposed defamation claims on the basis that they would be prejudiced by the addition of these claims. I agree.

Unlike the proposed amendments relating to alleged damage to the art, the

defamation claims Plaintiff seeks to add against Mr. Hinkelman would inject entirely new issues and theories of recovery into the case that are, at best, only tangentially related to the purchase of art that is at its core. Among other things, the addition of Plaintiff's defamation claims would put Plaintiff's mental health, other business dealings and litigation, and financial situation over some period of time at issue in the case. Defendants would unquestionably be prejudiced by having to explore these new and largely unrelated areas at this late stage in the proceedings, and I therefore deny Plaintiff's request to add defamation claims against Mr. Hinkelman via a third amended complaint.

Having found that Defendants would be unduly prejudiced by addition of the defamation claims, it is not necessary for me to address in detail Defendants' alternative argument that the addition of these claim would be futile. It bears noting, however, that there is substantial merit to Defendants' arguments of futility such that Plaintiff's defamation claims would be highly susceptible to dismissal on dispositive motion should Plaintiff seek to pursue these claims via an independent action.

## IV.  Conclusion

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Leave to Supplement Complaint [Doc # 108] is GRANTED IN PART and DENIED IN PART;

2. Plaintiff may file a Third Amended Complaint that includes additional

allegations regarding purported damage to the art and failure to insure it; and

   3. Plaintiff's Motion for Leave to Supplement Complaint is denied insofar as it seeks to add defamation claims against Mr. Hinkelman and related allegations.

Dated: August 27, 2020 in Denver, Colorado.

             BY THE COURT:

             <u> s/Lewis T. Babcock    </u>
             LEWIS T. BABCOCK, JUDGE