IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY;
ARTPORT, LLC;
STUDIO 41, LLC;
DAVID HINKELMAN;
ISP HOLDINGS, INC.;
ALICIA ST. PIERRE; and
MARTIN ST. PIERRE,

    Defendants.

_____

# ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a Motion to Compel Regarding Written Discovery Responses of Defendants (ECF 118). For the following reasons, the Motion is **granted in part** and **denied in part**.

As I understand the matters at issue, Plaintiff seeks the following:

1. <u>Documents Related to Communications Among Defendants Concerning the Allegations of the Second Amended Complaint</u>

Communications between and among the Defendants concerning the facts underlying this case (the sale of artwork to Plaintiff) certainly appear relevant. Defendants state (Response at 4) that all communications "with Plaintiff" have been produced. Defendants also state that Plaintiff never sought such communications in his discovery requests. The Motion at 9 cites to Requests

for Production 2, 7, 8, 9, 15, and 16 as the foundation for the Motion to Compel. I also cannot locate any such request among those cited by Plaintiff. Actually requesting specific documents in a formal Request for Production is a prerequisite to a motion to compel specific documents. The Motion is denied as to such communications.

2. <u>Financial Records for AP from January 1, 2016 through January 1, 2020</u>

Request for Production No. 7 seeks ArtPort's bank statements for the period ending December 1, 2019. Request for Production No. 8 seeks information relating to income for the sale of Garde artwork. Both appear relevant, as Plaintiff (1) made payment for his purchased art during this time period and also (2) alleges that Defendants (paraphrasing) played a shell game with the Garde artwork shown and/or sold to Plaintiff. The Motion is granted as to these requests (again, only to December 1, 2019 as requested).

3. <u>Records Relating to Financial Condition of ArtPort</u>

I do not find Request for Production No. 9 (ArtPort's general financial condition) relevant, and the Motion is denied as to that Request.

4. <u>Tax Returns</u>

Likewise, I do not grant the Motion as to Request for Production No. 2 (calling for tax returns) relevant, as the general financial condition of ArtPort is not relevant.

5. <u>Storage Receipts for Storage Facilities Used to Store Garde Artwork</u>

Although Plaintiff simply requested identification of documents (Interrogatory No. 17) relating to artwork storage and not production of those documents, Defendants do not object on that basis. I will grant the Motion to the extent it seeks documents relating to storage of Garde artwork, again because of the alleged "shell game" as noted above.

SO ORDERED.

Dated and entered at Denver, Colorado, this 31st day of August, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3