**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-2381-LTB-MEH

WALTER CHARNOFF

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY, et al.

    Defendants.

---

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

---

Plaintiff, Walter Charnoff, ("Mr. Charnoff" or "Plaintiff") by and through his undersigned counsel, The Law Office of Ian T. Hicks, LLC, hereby respectfully files his Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), as follows:

Certificate of Conferral: Undersigned counsel conferred with counsel for the Defendants, who stated that the relief sought herein is opposed.

### I. INTRODUCTION

Plaintiff Walter Charnoff ("Mr. Charnoff") respectfully requests the Court enter a protective order to preclude the taking of the deposition of non-party Brande Charnoff ("Mrs. Charnoff"). Mrs. Charnoff is Mr. Charnoff's wife under the laws of the state of Colorado, and has

been for more than 18 years uninterrupted. This is more than a decade prior to the events, facts, or circumstances giving rise to this civil action.

Accordingly, all predicate facts essential to the invocation of the spousal disqualification rule embodied at C.R.S. § 13-90-107(1)(a) are present, and the undersigned repeatedly conferred in writing with Defendants' counsel more than 10 days prior to the date of Mrs. Charnoff's deposition. The undersigned also provided written notice of Plaintiff's intent to invoke the rule to entirely preclude Mrs. Charnoff's deposition, in a position statement provided to the parties, their counsel, and the Court more than 10 days prior to the date of her deposition.

Colorado's spousal disqualification rule, as the name suggests, is not a typical, content-based privilege that is triggered only by the timing, confidentiality, and substance of a martial communication. It is instead far broader, in that it permits one spouse to preclude another from testifying at all, on any subject, in a civil or criminal action involving the spouse that invokes the rule. Mrs. Charnoff is not a party to this civil action, and any information she may have, regardless, is not unique and is easily obtainable from other sources.

The statutory language is clear, unequivocal, and supported by controlling Colorado Supreme Court precedent, under factual circumstances that are legally and logically identical to the facts at issue here: the preclusion of a spouse's testimony who is an alleged fact witness, by another spouse, where the testimony is sought during the marriage.[1] Plaintiff therefore respectfully requests the Court grant the instant Motion.

---

[1] There appears to be no dispute that the statute is substantive, and that it applies in this diversity action where the claims and defenses are asserted under Colorado common and statutory law.

## II.     LEGAL STANDARD

Pursuant to C.R.S. § 13-90-107(1)(a), Colorado has enacted a statutory spousal privilege, which provides as follows:

> (1) There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases:
>
> (a) A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor during the marriage or afterward shall either be examined without the consent of the other as to any communications made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, a criminal action or proceeding for a crime committed by one against the other, or a criminal action or proceeding against one or both spouses when the alleged offense occurred prior to the date of the parties' marriage. However, this exception shall not attach if the otherwise privileged information is communicated after the marriage.

*In re Marriage of Bozarth*, 779 P.2d 1346, 1348–49 (Colo. 1989) (quoting C.R.S. § 13-90-107(1)(a)).

"The plain terms of section 13–90–107(1)(a) create two distinct privileges with respect to spousal testimony." *Id.* (citing *People v. Lucero*, 747 P.2d 660, 666 (Colo.1 987)). The first is the privilege against adverse spousal testimony or what is sometimes referred to as the rule of spousal disqualification. *Id*. This privilege prohibits a husband from testifying "for or against his wife without her consent" and a wife from testifying "for or against her husband without his consent." *Id.* (Citing C.R.S. § 13–90–107(1)(a)). The second is the privilege against disclosure of spousal communications made to each other during the marriage, which is content-based, rather than status-based. *People v. Lucero*, 747 P.2d 660, 666 (Colo. 1987).

Although the rule of spousal disqualification has been subjected to criticism as an historical anachronism, the modern justification for this privilege "is its perceived role in fostering the harmony and sanctity of the marriage relationship." *Id.* (Quoting *Trammel v. United States*,

3

445 U.S. 40, 44 (1980). As long as there is a valid contract of marriage in existence at the time of the proffered testimony, the statutory privilege against adverse spousal testimony will apply to prohibit one spouse from testifying "for or against the other on any subject without the consent of that other spouse." *Id.* (Quoting *Lucero*, 747 P.2d at 666.).

In reviewing the rule of spousal disqualification embodied in the initial text of the statute, the Colorado Supreme Court has made clear that the statutory language is clear, unambiguous, and incapable of any interpretation that would restrict its scope to only martial communications, as that would render statutory language meaningless, and render other language superfluous, in violation of two cardinal principles of statutory interpretation. *See In re Marriage of Bozarth*, 779 at 1348–49 (Colo. 1989). More specifically, the Court, citing *Lucero*, *supra,* noted the long history of the statute and its repeated interpretation as creating a spousal disqualification rule:

> We find the meaning [of section 13–90–107(1)(a)] to be clear. It is also consistent with the construction that this statute received when first interpreted by this court, a construction that has not been altered in the many following years. *Dill v. People,* 19 Colo. 469, 36 P. 229 (1894); *White v. Bower*, 56 Colo. 575, 136 P. 1053 (1913). *See People v. Corbett*, 656 P.2d [687, 689 (Colo. 1983)] (Quinn, J., specially concurring). We adhere to that construction today and hold that section 13–90–107(1)(a), 6 C.R.S. (1973), precludes testimony by one spouse for or against the other without the consent of the other spouse.

*In re Marriage of Bozarth,* 779 P.2d at 1849 (Colo. 1989).

The question of whether testimony sought from a spouse is "for or against" the other spouse has been interpreted to focus on whether both spouses are parties to the action, and if not, then the testimony is logically for or against the other spouse given that (1) it would not be relevant under the Colorado Rules of Evidence or its substantively identical federal counterpart and (2) would not be reasonably calculated to lead to admissible evidence and thus outside the scope of discovery. *See generally Petro–Lewis Corp. v. District Court,* 727 P.2d 41 (Colo. 1986) (citing cases involving

4

husband and wife as formal co-parties to a proceeding as the lynchpin for determining whether testimony is for or against a spouse seeking preclusion under the statute).

Under Fed. R. Civ. P. 26(c), the Court may grant a protective order to preclude the discovery of material that is privileged, or excluded from discovery.

### III.     LEGAL ARGUMENT

### Brande Charnoff's Testimony is Subject to Spousal Disqualification and Should be Precluded

Mrs. Charnoff is not a party to this civil action, either with her own claims for relief or as a Defendant to any counterclaim. She is currently married to Mr. Charnoff, has been for over 18 years, and more than a decade prior to the facts, events, and circumstances giving rise to this litigation—a contract between Mr. Charnoff and Art Port LLC ("AP") for the purchase of artworks authored by Harold Garde. Mr. Charnoff will not call her at trial, has not used any affidavit, declaration, or communication authored by her to support his claims thus far, and will not do so at any time.

Under these circumstances, Mr. Charnoff may preclude any testimony from Mrs. Charnoff, in its entirety, under the rule of spousal disqualification embodied in C.R.S. § 13-90-107(1)(a). Mrs. Charnoff is Mr. Charnoff's spouse, she is not a party, and therefore either her testimony is "for or against" Mr. Charnoff or it is outside the scope of discovery because it is not reasonably calculated to lead to admissible evidence, which is defined as any evidence that has any tendency to make a fact of consequence more or less likely under Fed. R. Evid. 104. More specifically, if evidence is not intended to support or help a parties' claims or defenses, then it is not likely to make any fact "of consequence" more or less likely.

Moreover, Plaintiff has made it repeatedly clear to Defendants' counsel, in multiple emails and in a submission to the Court in a position statement that cited the statute and quoted

applicable caselaw, on which Defendants' counsel was copied, that Mr. Charnoff was invoking the spousal disqualification rule to preclude Mrs. Charnoff's testimony in its entirety. Moreover, not only is the statutory language clear, there can be no room to allow assertion of the rule on a question by question basis, because that will constitute a waiver of the statute, and there is no practical way to determine contemporaneously during questioning that it will elicit only evidence that is not "for or against" Mr. Charnoff.

There is no unfairness or undue prejudice, because Mr. Charnoff is not only precluding Mrs. Charnoff's testimony from Defendants, he is precluding himself from relying upon the same evidence in a case where he has the burden of proof at trial except as to a solitary counterclaim asserted by Defendants. Therefore, a protective order should be granted to preclude Mrs. Charnoff's testimony in its entirety.

## IV.   CONCLUSION

Plaintiff respectfully requests the Court grant a protective order under Fed. R. Civ. P. 26(c), to preclude Mrs. Charnoff's deposition in its entirety under C.R.S. § 13-90-107(1)(a), for the reasons stated herein.

Dated this 5th day of October 2020

/s/ Ian T. Hicks, Esq.
Ian T. Hicks, Reg. No., 39332
The Law Office of Ian T. Hicks LLC
Attorney for Plaintiff
6000 East Evans Avenue, Suite 1-360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 5, 2020, the foregoing Motion was served via CM/ECF, and served upon the following:

**Shoemaker Ghiselli + Schwartz, LLC**
Elizabeth H. Getches
Cynthia A. Mitchell
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
Email: lgetches@sgslitigation.com
Attorney for Defendants other than Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

Thomas H. Wagner, #38135
Anderson Law Group
7385 W. Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

*s/Ian T. Hicks, Esq.*