IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02381-LTB-MEH

Walter Charnoff,

Plaintiff,

v.

Nancy Loving d/b/a Artsuite NY, Art Port, LLC, Studio 41, LLC, David Hinkelman, Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.,

Defendants.

---

### ST. PIERRE DEFENDANTS' MOTION FOR ATTORNEYS' FEES
---

Pursuant to C.R.S. § 13-17-201 and Fed. R. Civ. P. 54(d), Defendants ISP Holdings, Inc., Martin St. Pierre, and Alicia St. Pierre (the "St. Pierre Defendants"), through counsel, move for an award of attorneys' fees:

### CONFERRAL

Counsel for the St. Pierre Defendants conferred with counsel for Plaintiff Walter Charnoff ("Plaintiff") regarding this Motion. Plaintiff's counsel indicated that Plaintiff opposes the relief requested.

### I.   INTRODUCTION

The St. Pierre Defendants are entitled to recover their reasonable attorneys' fees in the amount of $28,235 incurred in obtaining dismissal of Plaintiff's claims under Fed. R. Civ.P. 12(b)(2). Plaintiff purchased $186,000 worth of art from Defendant Art Port, LLC ("Art Port") in 2016 and 2017. A dispute arose over the art and Plaintiff sued

anyone he could locate with any link to Art Port, including the St. Pierre Defendants, alleging a conspiracy to defraud Plaintiff or somehow interfere with his enjoyment of the art he purchased.

But the St. Pierre Defendants had nothing to do with Plaintiff or his purchase and they lacked minimum contacts with Colorado. The St. Pierre Defendants thus moved to dismiss for lack of personal jurisdiction. After the parties briefed the motion to dismiss, Magistrate Judge Hegarty recommended the St. Pierre Defendants' motion to dismiss be granted. Plaintiff objected to the recommendation, but his objections were overruled on September 29, 2020 and all claims against the St. Pierre Defendants were dismissed.

Since Plaintiff's lawsuit against the St. Pierre Defendants sounded predominantly in tort, C.R.S. § 13-17-201 entitles Movants to recover their attorneys' fees "in defending the action." The crux of Plaintiff's claims against the St. Pierre Defendants was that ISP and Alicia conspired with the other Defendants to somehow harm Plaintiff. Moreover, the amount of fees incurred by the St. Pierre Defendants, is reasonable under the circumstances of this case. Thus, an award of attorneys' fees under C.R.S. § 13-17-201 in the amount of $28,235 is appropriate here.[1]

---

[1] The St. Pierre Defendants are separately filing a bill of costs in the amount of $77.10 pursuant to D.C.Colo.LCivR 54.1.

2

## II. ANALYSIS

A.    <u>C.R.S. § 13-17-201 REQUIRES FEE SHIFTING WHEN A DEFENDANT OBTAINS DISMISSAL OF A TORT CASE UNDER FED. R. CIV. P. 12</u>

Section 13-17-201 of the Colorado statutes requires that a defendant be awarded reasonable attorneys' fees "whenever a tort action is dismissed prior to trial pursuant to a motion under C.R.C.P. 12(b)." *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994). The statute states:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201. The statute applies in federal cases because in the Tenth Circuit, attorneys' fee statutes are considered substantive law. *See, e.g., Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *Advanced Career Techs. v. Does 1-10*, 100 F. Supp. 3d 1105, 1107 (D. Colo. 2015). The statute applies regardless of whether a case is dismissed for lack of jurisdiction or failure to state a claim on which relief can be granted. *See Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 607 (Colo. App. 2008) (applying C.R.S. § 13-17-201 to case involving motion to dismiss for lack of personal jurisdiction); *see also Grynberg v. Ivanhoe Energy, Inc.*, 2010 WL 3894151, at *3 (D. Colo. Sept. 30, 2010) (C.R.S. § 13-17-201 applies to cases dismissed for lack of personal jurisdiction). When, as here, an entire action is dismissed as to certain defendants, but claims remain against the other defendants, the statute entitles to prevailing defendants to their attorneys' fees. *See Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo.Ct.App.1996).

3

In cases involving tort and non-tort claims, if the "essence of an action" lies in tort, a party is entitled to attorneys' fees under C.R.S. § 13-17-201. *See Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014). Courts apply a two-part test to determine whether C.R.S. § 13-17-201 should apply. *Id.* at 1168 (citing *Shell v. Henderson*, 2014 WL 3716165, at *3 (D. Colo. July 28, 2014) *rev'd and remanded*, 622 Fed. Appx. 730 (10th Cir. 2015)). Courts first assess "whether the 'essence of the action' is tortious in nature (whether quantitatively by simple number of claims or based on a more qualitative view of the relative importance of the claims) or not." *Gagne*, 338 P.3d at 1168. If the answer to this first question is yes, the court need not move to the second step. If, however, the first step is not dispositive, courts can take the second step and look to "whether tort claims were asserted to unlock additional remedies . . . ." *Id.* If a plaintiff includes tort claims to unlock remedies beyond those available under a breach of contract, the case sounds in tort and a fee award is appropriate under C.R.S. § 13-17-201. *See id.* at 1167 (citing *Dubray v. Intertribal Bison Coop.*, 192 604, 607 (Colo. App. 2008)). As shown below, the statute applies here.

B.  THE ST. PIERRE DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES UNDER C.R.S. § 13-17-201

First, there can be no dispute that the St. Pierre Defendants obtained dismissal pursuant to a motion to dismiss filed under Fed. R. Civ. P. 12(b). *See* Doc. 77 (motion to dismiss); Doc. 142 (recommendation to dismiss); and Doc. 143 (order accepting recommendation of dismissal). Thus, the first element of C.R.S. § 13-17-201 is met.

The second prong of C.R.S. § 13-17-201 is also satisfied because this is a case in which Plaintiff alleged "injury to person or property occasioned by the tort of any other

person." Indeed, Plaintiff asserted two tort claims against ISP and Alicia, civil conspiracy and tortious interference with contractual relations. *See Warne v. Hall*, 373 P.3d 588, 596 (discussing interference with contract claim and citing Restatement (Second) of Torts § 767 with approval); *Double Oak Constr., LLC v. Coernerstone Dev. Int'l, LLC,* 97 P.3d 140, 148 (Colo. App. 2003) (civil conspiracy is an independent tort). Thus, from a numeric perspective, the essence of this case sounds in tort and C.R.S. § 13-17-201 applies.

A "qualitative view" of Plaintiff's allegations also proves the essence of this case (as against the St. Pierre Defendants) is in tort.

- First, in his pleadings, Plaintiff alleges in his Complaint that "Defendants . . . . committed tortious acts within this state . . . ." (Doc. 64 ¶ 10.) Even, Plaintiff's unjust enrichment claim, while not sounding strictly in tort, rests on tort principles. The crux of this claim was that the St. Pierre Defendants improperly obtained a benefit in the form of purchase funds, "which were ***fraudulently obtained*** and continue to be wrongfully retained." (Doc. 64 ¶ 81 (emphasis added).)

- Second, Plaintiff's brief in response to the motion to dismiss also makes clear that Plaintiff considered this to be a tort case against the St. Pierre Defendants. Plaintiff asserted that jurisdiction was appropriate because "***[t]ort*** claims have a unique analysis." (Doc. 89, p. 5 (emphasis added).) Plaintiff goes on to argue that the LLC veil of Art Port and the corporate veil of ISP did not apply because the St. Pierre Defendants committed tortious acts on their own. (*See* Doc. 89, p. 19 (citing and quoting *Hoang v. Arbess*, 80 P.3d 863 (Colo. App. 2003).)

- Third, Plaintiff's objection to the Magistrate Judge' recommendation confirms that Plaintiff sought tort remedies. Plaintiff argues in that brief that the St. Pierre Defendants were involved in a "long series of events" the culmination of which was the wrongful and tortious withholding of Plaintiff's artwork. (Doc. 142, p.5.) Indeed, Plaintiff repeatedly asserted that jurisdiction was based on a conspiracy involving the St. Pierre Defendants and the other parties, and he repeatedly referred to the St. Pierre Defendants as "conspirators." (*See* Doc. 142, pp. 5, 7, & 10.)

5

The sole reason that Plaintiff alleged tortious interference and conspiracy against the Alicia and ISP was to unlock additional remedies in the form of tort damages and a broader view of personal jurisdiction over the St. Pierre Defendants. Thus, from a qualitative perspective, the essence of this case sounds in tort and C.R.S. § 13-17-201 applies.

In fact, the Magistrate Judge has already noted that Plaintiff's case against the St. Pierre Defendants sounded primarily in tort. (*See* Doc. 141, p.5 ("Plaintiff's claims against Ms. St. Pierre and ISP sound in tort.").) While the Magistrate Judge explained that Martin was not named in Plaintiff's conspiracy or tortious interference claims, the considerable majority of Plaintiffs' evidence and allegations were directed at Alicia and ISP, not Martin. For example, Plaintiff attached multiple exhibits to his response to the motion to dismiss focused on Alicia, but no exhibits specifically addressing Martin's supposed role in the case. Likewise, the Magistrate Judge's recommendation includes six pages of analysis on the allegations against Alicia and ISP, but only page of analysis on the claim against Martin. Thus, even if Martin is not a tort defendant, the essence of this case still sounds in tort and an award of fees is appropriate under Colorado law.

C. THE ATTORNEY'S FEES SOUGHT ARE REASONBLE

The St. Pierre Defendants seek attorneys' fees in the amount of $28,235. This amount is reasonable and necessary under the facts to this case. Attached as Exhibit A is the Affidavit of Thomas Wagner, Esq., attorney for St. Pierre Defendants. Attached to Mr. Wagner's affidavit is a copy of the redacted invoices establishing the attorneys' fees incurred in this matter. Both the Affidavit and invoices establish the amount of time and

hourly rate for the legal work performed in defense of this lawsuit and that it was reasonable and necessary.

Importantly, C.R.S. § 13-17-201 does not limit attorneys' fees to only the motion to dismiss, but applies to all attorneys' fees "in defending the action." In this case, Plaintiff filed multiple motions for leave to supplement his briefing, sought jurisdictional discovery, sought to compel additional discovery responses from the St. Pierre Defendants (which was denied after a conference with the Magistrate Judge) and insisted on taking the depositions of the St. Pierre Defendants over their objection. Accordingly, the amount of fees incurred by the St. Pierre Defendants goes beyond just briefing the motion to dismiss and it is solely due to Plaintiff's litigation tactics. Awarding anything less than the full amount of attorneys' fees incurred by the St. Pierre Defendants in this case would undercut the purpose and plain language of C.R.S. § 13-17-201.

### III. CONCLUSION

Colorado law seeks to discourage the filing of unnecessary litigation by awarding fees to defendants that prevail on a motion to dismiss in a tort case. The St. Pierre Defendants have incurred significant fees and costs in defending this suit, and the amounts were only made worse by Plaintiff's vexatious conduct throughout the case. Accordingly, the St. Pierre Defendants request that the Court grant this Motion and enter an award of fees in the amount of $28,235 against Plaintiff.

Dated: October 12, 2020

          ANDERSON LAW GROUP

          <u>/s/Thomas H. Wagner</u>
Thomas H. Wagner
Anderson Law Group
7385 W. Highway 50
Salida, CO  81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

## CERTIFICATE OF SERVICE

      I certify that on October 12, 2020, I filed a copy of the foregoing Motion via CM/ECF, which will deliver electronic notice of the filing to the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
E-mail: ian@ithlaw.com

Counsel for Plaintiff Walter Charnoff

Elizabeth H. Getches
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
Email: lgetches@sgslitigation.com

Counsel for Defendants Nancy Loving d/b/a Artsuite NY, Art Port, LLC, Studio 41, LLC, David Hinkelman

                                                /s/Thomas H. Wagner
                                                Thomas H. Wagner