IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-2381-MEH-REB

WALTER CHARNOFF

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY, et al.

    Defendants.

---

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff, Walter Charnoff, ("Mr. Charnoff" or "Plaintiff") by and through his undersigned counsel, The Law Office of Ian T. Hicks, LLC, hereby respectfully files his Motion, as follows:

<u>Certificate of Conferral</u>: Plaintiff conferred with counsel for Defendants, who oppose.

## I. INTRODUCTION

Plaintiff respectfully requests the Court grant it summary judgment on liability against Defendants Nancy Loving ("Ms. Loving") and Art Port, LLC, ("AP"), on his claims for breach of contract and civil theft. This case arises out of two purchases of art by Plaintiff that were solicited by Ms. Loving, while acting as the owner and manager of AP, which is a New York limited liability company through which her art gallery, ArtSuite Gallery ("AS"), operated.

It is undisputed that Plaintiff fully performed his contractual obligations by transmitting $186,000.00, the final payment of which was received no later than November 14, 2017. It is likewise undisputed that Ms. Loving and AP promised, in addition to shipping the art, (1) to provide certificates of authenticity, (2) to ensure that all art was signed by the artist, Harold Garde, and (3) that Plaintiff was not responsible for sales tax. Ms. Loving and AP breached each of these obligations. The art, although shipped without notice after suit was filed in 2019, did not include certificates of authenticity. Similarly, the art purportedly comprising Plaintiff's purchase has many pieces that do not have a signature, and the artist is over ninety years old in the midst of a pandemic. And after stating in several writings that Plaintiff was not responsible for sales tax, they changed their minds, in order to avoid their contractual obligations.

Most important, however, is the fact that Ms. Loving and AP explicitly refused to ship the art, unless Plaintiff agreed to sign a "mandatory" sales contract (the "Sales Contract") that was not transmitted until the year 2019, nearly two years after Plaintiff had fully performed under the parties' existing agreement by paying in full. That Sales Contract, if signed by Plaintiff, would have fundamentally changed the parties' rights and obligations under their existing agreement, by (1) having Plaintiff agree to an "as is" clause regarding the condition of the art he had not seen for years and which later turned out to be significantly damaged, (2) eliminating Plaintiff's right to reproduce images of the art for his own use by having him agree that Mr. Garde retained the copyrights to the art even though Plaintiff was the owner, and (3) making Plaintiff responsible to pay the very same sales tax that Ms. Loving and AP had already promised was not Plaintiff's responsibility, in order to induce his purchases.

As was his right, Plaintiff refused to renegotiate the parties' existing agreement after he had already fully performed and after Ms. Loving and AP were already in breach. It was this

rightful refusal that Ms. Loving and AP used as the lynchpin for refusing to ship the art, for continuing to detain the art, and as the leverage to extract further concessions to which they were not entitled. Based on these undisputed facts, Ms. Loving and AP not only breached the most important component of the contract, to ship the art once paid for, they also wrongfully detained it after Plaintiff had fully performed, and they are thus liable for civil theft and conversion.

In summary, Ms. Loving and AP are liable for breach of contract for (1) failing to ship the art and refusing to release it to Plaintiff unless he agreed to sign the Sales Contract, (2) failing to provide certificates of authenticity, (3) failing to ensure the art was signed prior to shipment, and (4) attempting to make Plaintiff liable for sales tax after promising none would be charged. The evidence is clear, unmistakable, and under the undisputed facts they establish, Plaintiff is entitled to judgment as a matter of law on liability for his claims of civil theft and breach of contract.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff made two purchases of art authored by Harold Garde ("Mr. Garde") from AP. *See* Decl. of Walter Charnoff, attached as <u>Exhibit A</u>, ¶¶ 1-8.[1]

2. The price for the two purchases was $45,120.00 and $141,000.00, respectively. *Id.,* ¶¶ 8-10. The contract required AP to (1) ship the art to Colorado where I could take possession, (2) ensure that each piece of art was signed by the artist, Harold Garde ("Mr. Garde"), (3) provide certificates of authenticity with the art, and (4) that I would not be responsible for sales tax. *Id.*

---

[1] The citations to paragraphs in Plaintiff's Declaration include the Exhibits attached to the Declaration, incorporated by reference under Fed. R. Civ. P. 10.

3. Plaintiff fully performed by making payment in full no later than November 18, 2018. *Id.,* ¶ 11; Fed. R. Civ. P. 30(b)(6) Dep. Tr. of Art Port LLC, attached as <u>Exhibit B</u>, 171:16-172:6.

4. Despite his payment in full in 2017, AP and Ms. Loving refused to ship his art unless he signed a document entitled "Sales Agreement." *See* <u>Ex. A</u>, ¶ 11; <u>Ex. B</u>, 168:5-174:20.

5. The Sales Agreement, however, included a number of provisions that materially altered the parties' agreement, including (1) it had an "as-is" clause that made Plaintiff responsible for any damage to the art that I had not seen for over a year, (2) it restricted Plaintiff's copyright to the art so I could not use it freely, and (3) it made Plaintiff responsible for sales tax. *See* <u>Ex. A</u>, ¶¶ 11-16.

6. Further, there were no certificates of authenticity shipped with the art. *See* <u>Ex. B</u>, 180:25-182:23. Moreover, numerous pieces of art were not signed. *See* <u>Ex. A</u>, ¶ 17. As a result, the value of the art, as to a substantial and material degree to Plaintiff, has been significantly reduced and moreover, he did not receive the benefit of his bargain, which constitutes damages. *Id.,* ¶¶ 14-18.

### III. LEGAL ARGUMENT

**A.** <u>**Ms. Loving and AP are Liable for Breach of Contract and Civil Theft**</u>

This Motion presents a straightforward argument and undisputed facts: Plaintiff was promised to receive signed art, certificates of authenticity, the art would be shipped to Colorado, and Plaintiff would not be responsible for sales tax, but he received none of these promises. SMF, ¶¶ 1-6. Furthermore, Ms. Loving and AP unlawfully retained his art in order to extract a new contract, that materially changed the parties' existing agreement, the Sales Agreement. SMF, ¶ 5. Because of Ms. Loving and AP's wrongful actions, Plaintiff has suffered damages that are

cognizable and did not receive the benefit of his bargain, whether viewed as substantial or full and complete performance.

It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio,* 841 P.2d 1053, 1058 (Colo. 1992). The elements of civil theft are that the defendant knowingly obtained control over or retained the plaintiff's property, and did so without authorization. *See, e.g., Tisch v. Tisch,* 2019 COA 41, ¶ 51, 439 P.3d 89, 103 (Colo. App. 2019); C.R.S. § 18-4-405 (setting forth unlawfully retaining element of civil theft).

Here, Ms. Loving's and AP's wrongful acts establish liability and the existence of damage for both breach of contract and civil theft. She had no right to retain his property in order to extract further concessions like signing the Sales Agreement that were not part of the parties contract. Therefore summary judgment is proper on these two claims.

## IV. CONCLUSION

Summary judgment in Plaintiff's favor is proper for the reasons stated.

Dated this 19th day of October, 2020

*/s/ Ian T. Hicks, Esq.*
Ian T. Hicks, Reg. No., 39332
The Law Office of Ian T. Hicks LLC
Attorney for Plaintiff
6000 East Evans Avenue, Suite 1-360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 16, 2020, the foregoing Motion was filed via CM/ECF, and served upon the following:

**Shoemaker Ghiselli + Schwartz, LLC**
Elizabeth H. Getches
Cynthia A. Mitchell
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
Email: lgetches@sgslitigation.com
Attorney for Defendants other than Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

Thomas H. Wagner, #38135
Anderson Law Group
7385 W. Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Counsel for Defendants Martin St. Pierre, Alicia St. Pierre, and ISP Holdings, Inc.

*s/Ian T. Hicks, Esq.*