IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02381-LTB-MEH

WALTER CHARNOFF,

    Plaintiff,

v.

NANCY LOVING d/b/a ARTSUITE NY,
ARTPORT, LLC,
STUDIO 41, LLC, and
DAVID HINKELMAN,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff has filed a Motion for Protective Order, ECF 147, seeking to prohibit the allegedly privileged testimony of his wife, Brande Charnoff. "Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases." *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699 (10th Cir. 1998). Colorado statutory law provides that a wife shall not be examined "for or against her husband without his consent." Colo. Rev. Stat. § 13-90-107(1)(a). Colorado case law defines this statute as creating a "spousal disqualification rule." *E.g.*, *In re Marriage of Bozarth*, 779 P.2d 1346, 1350 (Colo. 1989).

    In this case Plaintiff alleges that Defendants breached a contract, among other claims, in selling to him certain artwork. Defendants seek to take Ms. Charnoff's deposition. They state that she is "the 50% business owner of the art purchased, the individual who wrote the largest check

for payment of the art, and a person who has independent factual knowledge in this case." Response (ECF 155) at 2.

I agree Ms. Charnoff is a relevant fact witness in this case. Notwithstanding, Colorado statutory law prohibits her testimony. It is undisputed that she is, and for all relevant times in this case has been, Plaintiff's wife. There is no allegation of waiver of the spousal disqualification rule by the Plaintiff. There is no explicit statutory exception for the type of case before the Court. The statute plainly applies, and any relevant testimony by Ms. Charnoff here would be primarily, or exclusively, "for or against her husband." Plaintiff has not consented to her testimony. That is the end of the matter.

Defendants justifiably argue that this outcome interferes with the factfinding process. The Colorado Supreme Court has said as much, acknowledging, in essence, the antiquated and anachronistic nature of the spousal disqualification rule. *People v. Lucero*, 747 P.2d 660, 666 (Colo. 1987). Yet that court has not seen fit to release its judiciary from the rule's application, albeit imposing a "strict construction" requirement, *Petro–Lewis Corp. v. District Court,* 727 P.2d 41 (Colo. 1986). "Because the effect of sustaining a claim of privilege is to limit the full disclosure of the facts in controversy, we have construed the privilege narrowly, so as to restrict its application to those situations expressly encompassed by the statutory language." *In re Marriage of Bozarth*, 779 P.2d at 1350. So even in situations, as here, in which application of the rule would interfere with the factfinding process, the Colorado Supreme Court's mandate is to apply it notwithstanding.

It would be disingenuous to find that this case presents any exception to the rule, or that a "narrow construction" would lead to a different outcome. The unambiguous text of the statute prohibits Ms. Charnoff's testimony. Indeed, the Colorado Supreme Court itself bars its lower courts "from creating or enlarging exceptions beyond the clear import of the text." *Id.*

Accordingly, the Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), ECF 147, is **granted**, and Ms. Charnoff's testimony is barred.

A separate issue is the manner in which counsel for Plaintiff raised the spousal disqualification rule. Although counsel has maintained that he believed Mr. and Ms. Charnoff's communications were privileged, prior to his prohibiting Ms. Charnoff from testifying immediately before her deposition was to take place, both I and counsel for the defense were under the impression that during the deposition, Plaintiff's counsel would be making specific objections to questions seeking privileged material and, thereafter, I would have to determine whether those objections were well founded. The Colorado spousal disqualification rule, on which Plaintiff now relies, is a complete immunity to testimony. It is clear to me that defense counsel expended unnecessary resources preparing for Ms. Charnoff's deposition. Under Fed. R. Civ. P. 16(f) as explained in *EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11–cv–02560–MSK–MEH, 2013 WL 752912, at *3–4 (D. Colo. Feb. 27, 2013), I find Plaintiff should pay for the reasonable costs of preparation for Ms. Charnoff's deposition, as well as any unavoidable expenses such as a court reporter appearance fee. Defendants may submit an itemization of such costs and expenses on or before November 9, 2020, and Plaintiff may respond on or before November 30, 2020.

SO ORDERED.

Dated at Denver, Colorado, this 19th day of October, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge